UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Patricia J Curto,
20 Hazel Court, West Seneca, New York 14224
Individually and on behalf of
all others similarly situated,

                                  Plaintiffs,              Civil Action
vs.                                        Amended Complaint No. 07-CV-529-S
                                                          Class Action
                                                          Jury trial demanded

Palisades Collection, LLC, 210 Sylvan Ave., Englewood Cliffs, NJ 07632;
PRESSLER and PRESSLER,, LLP, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Sheldon H Pressler, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Richard A. Franklin, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Jennifer B Kwak, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Phillip Marshall, 50 Delaware Ave, Buffalo, NY 14202;
New York State Unified Court System 8th Judicial District Buffalo City Court, 50 Delaware Ave Buffalo, NY 14202;
John/Jane Does;
Sued in their individual personal capacity and official capacity
                                    Defendants.

STATEMENT OF JURISDICTION and VENUE

1.     Jurisdiction of this Court arises under: Fair Debt Collection Practices Act (hereafter "FDCPA") 15 USC 1692k; 28 USC 1331, 1337; 42 USC 1983, 1985, 1986; and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367. Venue lies in this district because plaintiff Curto resides within District and a number of the violations of the FDCPA by defendants, including those directed at plaintiff Curto occurred within District.

2.     The FDCPA provides for civil liability (15 USC1692k) for violating any provision of the Act, as has occurred here.

INTRODUCTION/PRELIMINRY STATEMENT

1

3. Plaintiff Patricia J Curto, on her own behalf and on behalf of the class she seeks to represent, brings this action for the continuing illegal practices, policies and/or acts of the defendants in conjunction with an attempt to collect and litigant an alleged debt. These continuing illegal practices, policies and acts, violate the rights secured to plaintiff and the class by FDCPA, Federal and NY State Constitution, and State and federal law.

4. This action for statutory monetary damages, compensatory and punitive damages; injunctive relief and declaratory relief is brought pursuant to FRCP 23 (and State law); 42 USC 1983, 1985 and 1986. Plaintiff and the class seeks a judgment, pursuant to 28 USC 2201 and 2202, declaring that FDCPA has been violated. Plaintiff and the class requests the Court to enjoin the defendants from continuing their illegal practices, policies and acts. Plaintiff and the class seeks damages under State tort/common law and federal law.

PARTIES

5. Plaintiff, Patricia J Curto, is a natural person residing in Orchard Park New York.

6. Defendant Pressler and Pressler is a law firm consisting of numerous attorneys at law and non-attorney persons employed therein. The defendant is engaged in the business of collecting alleged debts. The defendant collects alleged consumer debts using the mails, telephone and judicial process. Defendant list their address on related court pleadings as 990 Stewart Ave Suite 30, Garden City, NY 11530 but their headquarters is located at 16 Wing Dr. Cedar Knolls, NJ 07927.

7. Defendant Sheldon H. Pressler is a natural person and an attorney at law upon information and belief in the state of New Jersey. His residence is 323 Lakeside Blvd. Hopatcong, NJ. Defendant upon information and belief owns defendant Pressler and

2

Pressler. The defendant is engaged in the business of collecting alleged debts. The defendant collects alleged consumer debts using the mails, telephone and judicial process. The defendant controls the debt collection policies and practices of defendant Pressler and Pressler. The defendant controls the hiring, retention, training and supervision of the employees of defendant Pressler & Presseler.

8. Defendants Richard A Franklin and Jennifer B Kwak are employees (attorneys) in defendant Pressler & Pressler law firm.

9. Palisades Collection is engaged in the business of collecting alleged debts. The defendant collects alleged consumer debts using the mails, telephone and judicial process. Defendant list their address on related court pleadings as 210 Sylvan Ave., Englewood Cliffs, NJ 07623.

10. Phillip M. Marshall is a New York State Unified Court System judge in the Buffalo City Court; Village of Orchard Park Court judge; a private practice lawyer; resides in Orchard Park NY.

11. New York State Unified Court System 8th Judicial District Buffalo City Court

12. John/Jane Doe's identities will be determined during discovery.

FACTS RELATING TO NAMED PLAINTIFF

13. Defendant Palisades Collection filed a complaint Docket No. B71774 in Buffalo City Court, in July 2004, against plaintiff Patricia Curto alleging a debt to Discover Card and that Curto resided at 20 Hazel Court West Seneca NY 14224. After extensive litigation, the complaint (Docket No. B71774) was dismissed by Hon. Debra L. Givens, Buffalo City Court Judge, on May 26, 2005. The Hon. Debra L. Givens' Memorandum

Decision and Order states in part:

> "While the defendant's mailing address (14224 zip code) had been alleged to be the City of Buffalo, and the Town of West Seneca, the court takes judicial notice of County of Erie's *Internet Mapping Service* for the fact that the defendant's residence is located on the first street within the boundaries of the Town of Orchard Park, New York; as she claims in her affidavit…the Town of Orchard Park is not contiguous to the City of Buffalo."
>
> "It should be noted that the jurisdiction restriction of UCCA 213 apply to actions listed in UCCA 202, such as this action. *Germain v CNY Management*, 121 Misc 2d 871 (1983)."
>
> "UCCA 1002(b) provides that an objection upon UCCA 213(a), relative to residence within the city, shall be treated, for purposes of that section and CPLR Rule 3211, as if it were an objection under CPLR Rule 3211(a)(8), relative to the court's jurisdiction over the person of the defendant"
>
> "Once it has been shown that a court lacks personal jurisdiction over a defendant, the court lacks authority to do anything else other than to dismiss the plaintiff's complaint, (see, *Community Service v Haakonson*, 94 AD2d 838, 839 [3rd Dept, 1983]), wherefore,"
>
> "**ORDERED**, that the defendant's motion based on UCCA 213(a), dismissing the plaintiff's complaint for lack of personal jurisdiction over the defendant is granted."

During litigation of Docket No. B71774 Curto included in her pleadings a copy of Fair Debt Collection Practices Act, 15 USC 1692 and noted that filing the complaint in Buffalo City Court, the wrong court, violated the FDCPA (15 USC 1692i).

14. Additionally Curto was never served and the affidavit of service was false, Palisades lawyer indicated it may have been served at 20 Hazel STREET on the East side of Buffalo, not Curto's residence 20 Hazel COURT. The process server falsely sworn in his affidavit that he had talked to a neighbor (never identified neighbor by name, physical descript, address or etc) who confirmed Curto resided at 20 Hazel Street in Buffalo. Notably in Palisades' current (Docket No. E08051) Buffalo City Court complaint (see below) they persist in using 20 Hazel Street (see att) in violation of FDCPA and state law.

15. Also during litigation of Buffalo City Court Docket No. B71774, specifically during oral arguments, counsel for Palisades Collection admitted no records essential to

4

proving the complaint were in their possession, nor could they obtain such records. All the records which the defendants stated in court they possessed and included in their pleadings (relating to this matter) had no name, no address - nothing to link the alleged debt to Curto or anyone. All this is in violation of the FDCPA and state law.

16.    Palisades Collection through the law firm of Pressler and Pressler and attorney Richard A. Franklin, filed the <u>same action</u> previously dismissed by Hon. Debra L. Givens, Buffalo City Court Judge on May 26, 2005, <u>again in Buffalo City Court</u> (Docket No.E08051) on May 24, 2007.  John Doe and unknown company/business improperly served Docket No. E08051 complaint and an improper summons, upon Curto on July 5, 2007 at 20 Hazel Court, zip code 14224.  Subsequent to Curto's July 20, 2007 appearance in Buffalo City Court, a copy of the summons and complaint was mailed to her (in violation of FDCPA, New York State CPLR and etc) postmarked Aug. 1, 2007.

17.    Curto answered and moved for dismissal of Docket No. E08051.  Oral arguments were scheduled for July 20, 2007 before defendant Marshall.  Defendant Marshall stated in court on July 20, 2007 that he had read Curto's papers/pleadings (Answer and Motion to Dismiss), therefore upon the said information including the Hon. Debra L. Givens' May 26. 2005 Memorandum Decision and Order quoted above and in her pleadings to defendant Marshall, defendant Marshall knew he had to dismiss sua sponte the complaint filed in Buffalo City Court (Docket No.E08051) on May 24, 2007 by defendant Palisades Collection, Pressler & Pressler and Richard Frank—the only action defendant Marshall can take is dismissal because he lacks authority to do anything else.  Defendant Marshall upon a request/letter by defendant Kwak, which notably was not served upon Curto, to adjourn, and without appearance before the court by defendants Palisades Collection,

Pressler & Pressler, Richard A Franklin or Jennifer B Kwak; defendant Marshall knowing he lacked authority/jurisdiction to adjourn, conspired with said defendants, did adjourn the proceedings until August 20, 2007. Notably defendant City of Buffalo Court Judge Marshall is the Village of Orchard Park judge and he lives in Orchard Park---he knows Orchard Park is not contiguous to Buffalo. Also Ms Kwak letter to defendant Marshall claims numerous phone calls were made to Curto, which is harassment and etc. specific prohibited by FDCPA. Ms Kwak was and may still be the spokesperson for Discover Card, as well as a lawyer in the law firm of Pressler & Pressler (representing Palisades) and upon discovery may cause this complaint to be amended to include Discover Card.

18. Judge Marshall's adjournment of thirty/30 days was made without authority/jurisdiction and violated: Curto's constitutional rights; 42 USC 1983, 1985, 1986; and etc. Defendant Marshall conspired with the other defendants to violated Curto's due process and equal protection rights and etc.

19. When Curto appeared July 20, 2007 in Buffalo City Court she was the second person in line outside defendant Marshall's (locked) courtroom. The first person in line initiated a conversation, complaining that a collection company had frozen her bank account - the credit card they claimed she owed she never had never heard of; they could not tell her what, when or where the card was used, her signature on any alleged purchases and etc; she had over $7000 in her bank account, they alleged she owed $1000 but froze the entire amount; she contacted a lawyer and they wanted $1000 to represent her, so she is doing it herself; she was never served with the complaint that they got the judgment on, the 3 alleged dates of attempted service she was home (in Hamburg NY) on 2 of the alleged dates and times and on one of the two her husband was also home; they

6

claimed to have taped the summons/complaint to her door but they never did; she is an Erie County employee living in Hamburg. I told her this is typical and the judge had no authority in Buffalo City Court to issue a judgment because she lived in Hamburg and etc. She also stated this was her first time ever in court and wanted to know what was going to happen, how things worked and etc—I told her she will be shocked at what happens in court and you never know what is going to happen because usually the rules and laws do not matter in court, based on my experiences. When the courtroom's door was unlocked, I entered and proceeded to the court clerk to sign-in (and check the record to see if there was any opposing papers and if there was an affidavit for service of the summons and complaint), while standing in line to sign/check-in the court officer John Doe told me sit down because I was not a lawyer, I stated I was representing myself, he stated he did not care and sit down! Lawyers on both sides of the bar were talking in a normal voice before and after Judge Marshall was sitting and during court proceedings, many of the conversations were about personal matters and many of the conversations were between lawyers who did not have common case before the court---neither defendant Marshall or John Doe court officer said anything. The credit card women from Hamburg NY with the frozen bank account was sitting next to me, after about an hour of proceedings, she whispered in my ear "I don't believe this" and I nodded; the court officer John Doe scolded/remanded both of us, ignoring the lawyers all around us who were talking a lot louder and about personal matters and on both sides of the bar. After hours, all the cases in which a lawyer appeared were heard, then the court clerk started to shout out, is there anyone here for XXX vs. YYY and the pro se cases (those not signed-in) where then heard. Eventually the court clerk yelled out is there anyone here for Palisades v Curto,

after I waited more than 3 hours and being the second person there. Defendants Marshall and court officer Doe conspired and did violated pro se litigants and Curto's rights to equal protection, due process and etc.; their actions or lack of action was discriminatory, abusive, hostile, unlawful, unconstitutional and etc. Notably when Curto appeared before another judge on August 20, 2007, Palisades' complaint No. E08051 was dismissed.

CLASS ALLEGATIONS

This action is brought on behalf of the following class:

20.     A class consisting of all persons who were subject to the practices and/or policies and/or acts of any defendant(s) in violation of FDCPA.

21     Plaintiff Curto alleges on information and belief that the class is so numerous that joinder of all members is impractical.

22.     There are questions of law and fact common to Curto and the class, which common issues predominate for class members:

A) Defendants Palisades Collection, Pressler & Pressler, Richard Franklin, Jennifer Kwak and John/Jane Doe violated the FDCPA by causing collection communications (demands for payment) to be send/mailed which: contained false, deceptive and misleading statements and representations; contain statements which are unfair to consumers; contains statements which contradict and over shadow rights accorded to consumers by the FDCPA and other State/federal laws;

B) Defendants Palisades Collection, Pressler & Pressler, Richard Franklin, Jennifer Kwak and John/Jane Doe violated the FDCPA by causing complaints to be filed/brought in the wrong court/legal entity

C) Defendants Palisades Collection, Pressler & Pressler, Richard Franklin, Jennifer Kwak

and John/Jane Doe violated the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse

C) Defendants Palisades Collection, Pressler & Pressler, Richard Franklin, Jennifer Kwak and John/Jane Doe have initiated lawsuits, participated in lawsuits, facilitated aided/abetted and etc. in lawsuits which there was no documentation/records to support the claim(s), nor could such documentation/records be obtained.

D) Defendants Palisades Collection, Pressler & Pressler, Richard Franklin, Jennifer Kwak and John/Jane Doe or their agents/servants improperly served or failed to serve upon the class: the summons and complaint; pleadings; court orders/decisions/findings.

E) Defendants Palisades Collection, Pressler & Pressler, Richard Franklin, Jennifer Kwak and John/Jane Doe have knowingly and willfully made false statements to the court under oath - committed perjury.

23. Plaintiff Curto's claims are typical of those of the class members. All are based on the same facts and legal theories

24. Members of the class have been injured by the same actions, same manner and are entitled to the same relief.

25. The prosecution of separate actions by individual class members would create the risk of inconsistent adjudications and would cause needless expenditure of judicial resources

26. Defendants Palisades Collection, Pressler & Presseler, Richard A Frank, Jennifer B Kwak and John/Jane Doe(s) have acted on grounds generally applicable to the class by refusing to comply with 15 USC 1692 and State law..

27. A decree by this court with respect to these issues is reasonably calculated to

prevent needless additional litigations between the class/Curto and the defendants.

This action is also brought on behalf of the following class:

28. A class consisting of all persons neither residing in the City of Buffalo, NY nor a municipality contiguous to the City of Buffalo, NY who are currently defendants, in a consumer credit complaint filed in the City of Buffalo Court.

29. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impractical.

30. There are questions of law and fact common to Curto and the class, which common issues predominate over any issues involving only individuals.

31. Beginning at a time unknown and continuing, defendant Judge Marshall and Jane Doe/John Doe are taking actions other than dismissing sua sponte consumer credit complaints filed against plaintiff Curto and other members of the class where the court lacks authority/jurisdiction---allowing collection agencies and their lawyers to litigate against plaintiff Curto and other members of the class. Therefore violating the Constitutional rights (ex. due process and equal protection) of Curto and class members.

32. Beginning at a time unknown and continuing, defendant Judge Marshall and Jane Doe/John Doe conspired with all the other defendants to violate the plaintiff's and the class's rights: under federal and state law; and under federal and State constitution

33. The plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

34. A decree by this court with respect to these issues is reasonably calculated to prevent needless additional litigations between the class/Curto and the defendants.

CAUSES OF ACTION

35. Defendants engaged in conduct, practices, policies and conspiracies, the natural consequence of which was to harass, discriminate, intimidate, retaliate, oppress and abuse the class/plaintiffs; violate the Constitutional rights of the class; violate the class's rights under New York constitution; and federal and State law.

36. Defendant's are vicarious liable for the actions of their employees, servants, alter egos and agents.

37. The acts of the defendants were done with malicious, intentional, willful, reckless, wanton and negligent disregard for the class/plaintiffs' rights and with the purpose of coercing the plaintiffs to pay an alleged debt.

38. As a result of the defendants' conduct, the class/plaintiffs have sustained damages including but not limited to, injury to reputation, damage to plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and plaintiffs will continue to suffer same for an indefinite time in the future, all to the plaintiffs great detriment and loss.

39. Curto has been forced to expend money and time to defend herself. Curto has and continues to suffer emotional distress such as, including but not limited to, humiliation, upset, shame, scared, sleeplessness, anxious, shock, angry, confusion, frustration, pain and more, as a result of defendants illegal actions, continuing practices and policies.

40. Defendants (continuing) actions, practices and policies constitute, including but not limited to: malicious and willful conduct; illegal; meant to harass, intimidate, retaliate, discriminate; caused Curto emotional distress; negligent hiring, retention, training and supervision .

41. Defendants Palisades Collection and Pressler & Pressler or their

agents/servants/alter ego trespassed upon Curto's property on one or more occasion including July 5, 2007 (at approximately 4:10pm), without cause.

42. Defendant Palisades Collection, Presseler & Pressler, Richard A Frank, Jennifer B Kwak and John/Jane Doe sent unsubstantiated demands/claims for payment through the United States Mail System which constitutes mail fraud under federal and state law.

43. Jury trial requested

WHEREFORE, the plaintiff, on behalf of herself and all other Class Members, demands judgment in her favor and in favor of the Class and against the defendants and respectfully prays this Court to grant the following relief:

a) an Order certifying this action as a class action properly brought pursuant to the FRCP with plaintiff Curto as the representative of the classes - certification of the class(es) under FRCP 23(b)(2);

b) judgment in favor of plaintiff Curto and the class pursuant to 28 USC 2201 and 2202 declaring defendants Palisades Collection, Pressler & Presseler, Richard A Frank, Jennifer B Kwak and John/Jane Doe(s) violated FDCPA;

c) judgment declaring defendants violated plaintiff Curto and members of the Classes, rights pursuant to 42 USC 1983, 1985, 1986; US Constitutional rights; NY State constitutional rights; federal and State law;

d) judgment in favor of plaintiff Curto and Class Members against the defendants for compensatory damages

e) judgment in favor of plaintiff Curto and Class Members against the defendants for statutory damages pursuant to 15 USC 1692k for the class, plaintiff Curto;

f) judgment in favor of plaintiff Curto and Class Members against the defendants for punitive damages;

g) an Order enjoining the defendants from continuing any illegal acts, practices and policies complained of herein in violation of plaintiff Curto and the Class members rights;

h) judgment in favor of plaintiff Curto and Class Members against the defendants for emotional distress damages, malicious and willful conduct, harassment, discrimination, intimidation, retaliation; neglect supervision, hiring, retention, training; conspiracy, aiding and abetting; trespass; violation of Constitutional rights and federal law; New York state constitutional rights and State laws

i) an Order for the review of all consumer credit complaints pending in New York State Unified Court System Buffalo City Court and dismissal sua sponte of all said complaints where defendant does not reside in the City of Buffalo or a municipality contiguous to the City of Buffalo;

j) an Order for the review of any consumer complaints filed subsequent to the filing of this complaint and for an indefinite time, in New York State Unified Court System Buffalo City Court and dismissal sua sponte of all said complaints where defendant does not reside in the City of Buffalo or a municipality contiguous to the City of Buffalo

k) an Order enjoining the defendants from commencing or continuing any litigation process against plaintiff Curto or any class member in violation of FDCPA, federal and State law

l) judgment in favor of plaintiff Curto and Class Members against the defendants for cost, fees and expenses associate with litigating this complaint

m) judgment in favor of plaintiff Curto and Class Members against the defendants for

such other and further relief as the Court deems just, necessary and proper.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on November 21, 2007

Patricia J Curto, pro se
20 Hazel Court
West Seneca, NY 14224