UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

08 CV 0191

Patricia J Curto,
20 Hazel Court, West Seneca, New York 14224
Individually and on behalf of
all others similarly situated,

                        Plaintiffs,           Civil Action
vs.                                                 Complaint No.
                                                       Class Action
                                                       Jury trial demanded

Palisades Collection, LLC, 210 Sylvan Ave., Englewood Cliffs, NJ 07632;
PRESSLER and PRESSLER,, LLP, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Lori R. Cetani, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Sheldon H Pressler, 990 Stewart Ave Suite 30, Garden City, NY 11530;
Jane/John Doe
Sued in their individual personal capacity and official capacity
                                      Defendants.

STATEMENT OF JURISDICTION and VENUE

1.     Jurisdiction of this Court arises under: Fair Debt Collection Practices Act (hereafter "FDCPA") 15 USC 1692k; 28 USC 1331, 1337; and supplemental jurisdiction exists for the state law claims pursuant to 28 USC 1367. Venue lies in this district because plaintiff Curto resides within District

2.     The FDCPA provides for civil liability (15 USC1692k) for violating any provision of the Act, as has occurred here in defendants 1/24/08 letter (attached) and in defendants duplicate NYS Supreme Court case Index No. 2008001782 filed 2/11/2008. This action for statutory monetary damages, compensatory and punitive damages; injunctive relief and declaratory relief is brought pursuant to FRCP 23 and State law.

PARTIES

3.     Plaintiff, Patricia J Curto, is a natural person residing in Orchard Park New York.

4. Defendant Pressler and Pressler is a law firm consisting of numerous attorneys at law and non-attorney persons employed therein. The defendant is engaged in the business of collecting alleged debts. The defendant collects alleged consumer debts using the mails, telephone and judicial process. Defendant list their address on related court pleadings as 990 Stewart Ave Suite 30, Garden City, NY 11530 but their headquarters is located at 16 Wing Dr. Cedar Knolls, NJ 07927.

5. Defendant Sheldon H. Pressler is a natural person and an attorney at law upon information and belief in the state of New Jersey. His residence is 323 Lakeside Blvd. Hopatcong, NJ. Defendant upon information and belief owns defendant Pressler and Pressler. The defendant is engaged in the business of collecting alleged debts. The defendant collects alleged consumer debts using the mails, telephone and judicial process. The defendant controls the debt collection policies and practices of defendant Pressler and Pressler. The defendant controls the hiring, retention, training and supervision of the employees and operations of defendant Pressler & Presseler.

6. Defendant Lori R. Cetani is an employee attorney in defendant Pressler & Pressler law firm.

7. Palisades Collection is engaged in the business of collecting alleged debts. The defendant collects alleged consumer debts using the mails, telephone and judicial process. Defendant list their address on related court pleadings as 210 Sylvan Ave., Englewood Cliffs, NJ 07623.

8. John/Jane Does is an agent and/or alter ego and/or employee of all other defendants including Pressler& Pressler and/or Palisades Collection.

HISTORY

9. Defendants have repeatedly filed judicial complaints/actions against plaintiff for an alleged debt, for alleged Discover card account # 6011002857518898. Plaintiff has repeatedly disputed and denied alleged debt in her pleadings, answers and etc. Defendants have repeatedly been unable to verify/produce any evidence of the alleged debt. Palisades Collection and its law firms have repeatedly filed civil collection action without means of proving the existence or amount of debt, have repeatedly filed in the wrong court and etc.,

10. During prior litigation of the alleged debt subject of attached 1/24/08 letter, in Buffalo City Court Docket No. B71774, counsel for Palisades Collection admitted no records essential to proving the complaint were in their possession, nor could they obtain such records. All the records which the defendants stated in court they possessed and included in their pleadings (relating to this matter) had no name on any document/record. All this is in violation of the FDCPA and state law. Palisades Collection through the law firm of Pressler and Pressler and attorney Richard A. Franklin, filed the same action previously dismissed by Hon. Debra L. Givens, Buffalo City Court Judge on May 26, 2005, again in Buffalo City Court (Docket No.E08051) on May 24, 2007 and which was eventually also dismissed. Plaintiff filed a federal (class action) complaint No. 07-CV-529-S in WDNY in August 2007 regarding these and other violations of law.

**PART I - 1/24/2008 Letter Is Illegal and Violates Plaintiff's State and Federal Rights** including but not limited to:

11. Defendants in the instant action violated the law including FDCPA and state law by causing collection communications to be send/mailed which: contained false, deceptive

and misleading statements and representations; contain statements which are unfair to consumers; contains statements which contradict and over shadow rights accorded to consumers by the FDCPA and other State/federal laws; defendants violated the FDCPA and State law by engaging in conduct the natural consequence of which is to harass, oppress, or abuse; and caused plaintiff emotional distress and etc..

12. Per caselaw - Fair Debt Collection Practices Act (FDCPA), 15 USCS § 1692k(a)(2)(A), does not prohibit separate lawsuits for separate statutory violations by same defendant; therefore, debtor, who had filed two prior FDCPA suits against attorneys regarding their collection of certain debt, was not precluded from bringing another FDCPA suit against attorneys based on another collection letter.

13. Per caselaw - Fair Debt Collection Practices Act (FDCPA), 15 USCS §§ 1692 et seq., defendants were subject to individual liability under FDCPA because one individual (partner) exercised control over law firm that qualified as "debt collector," 15 USCS § 1692a(6), and second individual (attorney) acted as "debt collector" by taking affirmative actions with respect to plaintiff's account.

INTRODUCTION

14. The attached letter (send by John Doe) violated plaintiff's rights under federal and state law. Defendants are refusing to comply with 15 USC 1692 and State law. Moreover, the defendants' conduct in sending the January 24, 2008 letter in continuing to advance their claim, appears to have been intended to harass, oppresses, intimidate, retaliate, abuses and etc. the plaintiff, causing her emotional distress, mental anguish and

etc. Plaintiff has standing for compensatory and punitive damages, injunctive relief under federal and/or state law.

15. Per caselaw debt collectors are not entitled to dismissal pursuant to 15 USCS § 1692k(c) on ground of bona fide error because § 1692k(c) does not apply to errors of law/caselaw, for examples see below (without cites as this is a complaint).

DISPUTE IN WRITING

16. Defendants 1/24/08 letter (see att.) states:

"If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification. Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

17. Per caselaw - Where collection letter violated Fair Debt Collection Practices Act, 15 USCS § 1692g(a)(3) because it required debtor to submit any disputes about debt in writing, although U.S. Court of Appeals for Second Circuit had not rules on writing requirement, collector was not entitled to bona fide error defense under 15 USCS § 1692k(c) because statutory violation resulted from mistaken view of law.

18. Per caselaw - Collection notice violated (including but not limited to) Fair Debt Collection Practices Act, 15 USCS § 1692g, insofar as it stated that disputes had to be made in writing because plain meaning of § 1692g(a)(3) did not require that disputes be made in writing and plain meaning was neither absurd in its results nor contrary to legislative intent. Thus, there was no writing requirement implicit in § 1692g(a)(3).

19. Per caselaw - Law firm's motion to dismiss claim under Fair Debt Collection Practices Act was denied because requirement in letter that debtor notify firm "in writing" if he disputed debt violated plain meaning of 15 USCS § 1692(g)(3).

20. Per caselaw - 15 USCS § 1692e(8), which provides that failure of debt collector to disclose disputed status of debt constitutes false, deceptive or misleading representation, does not impose writing requirement on consumer who wishes to dispute debt.

21. Per caselaw - 15 USCS § 1692e(8) requires no notification by consumer at all, let alone written communication, but, rather, it depends solely on debt collector's knowledge, regardless of how or when collector acquires that knowledge.

22. Per caselaw - Collection notice violated Fair Debt Collection Practices Act, 15 USCS § 1692g, insofar as it stated that disputes had to be made in writing because plain meaning of § 1692g(a)(3) did not require that disputes be made in writing and plain meaning was neither absurd in its results nor contrary to legislative intent. Thus, there was no writing requirement implicit in § 1692g(a)(3).

23. Notably the 1/24/08 letter does not include a toll-free phone number to call the collector, the collectors name, nor does it notify plaintiff of her option to request defendants cease all communications.

DEFENDANTS' 1/24/08 letter DOES NOT SPECIFY AMOUNT OF INTEREST

24. Per caselaw - Debt collectors who sent letter to debtor that failed to specify amount of interest owed on credit card debt were not entitled to dismissal pursuant to 15 USCS § 1692k(c) on ground of bona fide error because § 1692k(c) did not apply to errors

of law.

25.  Per caselaw - Debt collector's letter to satisfy (including but not limited to) 15 USCS § 1692g(a)(1) of Fair Debt Collection Practices Act, requiring inclusion of statement of amount due, braking down unpaid principal and interest amounts, and stating total amount due.

PRESSLER AND PRESSLER LETTERHEAD

26.  Defendants 1/24/08 letter (see att.) is on law firms letter head but states "no attorney with this firm has personally reviewed the particular circumstances of your account."

27.  Per caselaw - Sending of letter including mass-produced letters, on lawyer's letterhead to debtors when an attorney had not reviewed each debtor's file, or does not determine when particular letters should be sent, or does not approve sending of particular letters based upon recommendations of others, or does not see particular letters before they are sent, or does not know identities of persons to whom letters are issued, violates (including but not limited to) Fair Debt Collection Practices Act including but not limited to 15 USCS § 1692e(3) and (10)

28.  Per caselaw - When attorney who had minimal, cursory involvement in collection process sent collection letters to bank's credit card holders under his letterhead, he and bank he represented were found to have violated 15 USCS § 1692e(3) and (10), respectively.

ADDITIONALLY per caselaw -

29.     Defendants knew or reasonably should have known that plaintiff had repeatedly previously disputed the alleged debt and that they repeatedly could not verify alleged debt violated 15 USCS §§ 1692e(2)(A) and (10), because tactic has tendency or capacity to deceive least sophisticated consumer. Least sophisticated debtor standard applies even if debtor has attorney. To maintain principles behind enactment of FDCPA, simple and less confusing formulation of standard designed to protect those consumers of below average sophistication or intelligence should be adopted; thus, courts should use "unsophisticated consumer" instead of "least sophisticated consumer" to describe hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading. Whether or not collection letter is false, deceptive, or misleading (in violation of 15 USCS § 1692e) or unfair or unconscionable (in violation of 15 USCS § 1692f) are inquiries similar to whether letter is confusing in violation of 15 USCS § 1692g; inquiry requires determination of how unsophisticated consumer would perceive letter.

30.     Fair Debt Collection Practices Act (FDCPA) prohibits debt collectors from falsely representing character, amount, or legal status of any debt. Fair Debt Collection Practices Act (FDCPA) is violated § 1692e(2)(A) even when misrepresentation of amount of debt is unintentional. FDCPA/15 USCS § 1692e applies even when false representation was unintentional; 15 USCS § 1692e does not require that the misrepresentations be knowing or intentional.

**PART II - New York State Supreme Court Lawsuit No. 2008001782 Is Illegal and Violates Plaintiff's State and Federal Rights** including but not limited to:

(A) Duplicate Lawsuit

31. A complaint Index no. 2006000057 was filed by Palisades Collection in New York Supreme Court County of Erie on 1/3/2006 alleging plaintiff Curto owed a debt on an alleged Discover Card and it is still pending.

32. Defendant Lori R. Centani an attorney for defendants Pressler & Pressler filed a complaint Index No. 2008001782 on behalf of Palisades Collection in New York Supreme Court County of Erie on 2/0/2008 alleging plaintiff Curto owed the same debt on an alleged Discover Card as is pending Index No. 2006000057---two active/open lawsuits in the same court for the same alleged claim is illegal and violates Curto's legal rights.

33. Per caselaw - Various defendants violated Fair Debt Collection Practices Act by failing to verify debt, and by not ceasing collection efforts pending that verification. Credit card debtor showed that debt collector and collection agency made at least one intentional business decision which directly violated Fair Debt Collection Practices Act (FDCPA); good example of collectors' intentional-not unintentional-business decisions to violate FDCPA was their decision to continue collection of alleged debt from debtor after he had requested verification of debt.

34. Curto has repeatedly disputed, contested, denied and etc the alleged debt in all three/3 prior complaints. Curto has requested/challenged Palisades to verify/prove the alleged debt and they are unable to. Therefore Curto has disputed the alleged debt, defendants have not verified the alleged debt and per FDCPA/15 USCS § 1692g(b) a

complaint/lawsuit can not be filed. Notably Palisades has admitted in court they can not verify the alleged debt.

35.     Per caselaw - Various defendants violated Fair Debt Collection Practices Act by failing to verify debt, and by not ceasing collection efforts pending that verification. Credit card debtor showed that debt collector and collection agency made at least one intentional business decision which directly violated Fair Debt Collection Practices Act (FDCPA); good example of collectors' intentional-not unintentional-business decisions to violate FDCPA was their decision to continue collection of alleged debt from debtor after she had requested verification of debt.

(B) Summon and Complaint

36.     February 20, 2008 around 11:00a.m. plaintiff notice fresh footprints in the snow going about half way up her driveway then turning around and leaving. February 20, 2008 after the mail was delivered to Curto's curbside/rural mailbox around 5:00p.m. she found in her mailbox a summons and complaint for Index No. 2008001782 which was not in an envelop or any kind of wrapping. John Doe's opening of Curto's mailbox is a violation of federal law. John Doe's placing the summons and complaint in Curto's mailbox is a violation of federal law.

37.     Per caselaw - Because the law firm was a debt collector under Fair Debt Collection Practices Act (FDCPA), 15 USCS § 1692 et seq., and FDCPA's broad definition of "communication" encompassed service of summons and complaint. The summons and complaint by not being placed in an envelop violated FDCPA [including 15 USCS §§ 1692f(7), 1692f(8), 1692b(5)], Curto's privacy and etc..

**Plaintiff Has Standing Under State Law Claims** for example, per caselaw:

38. Debtors are entitled to injunctive relief under state law, even though collectors argue Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.) preempts injunctive relief under state law, because such relief is precisely type of greater protection allowed under § 1692n.

39. Debtor's claimed damages for mental anguish resulting from alleged violations of Fair Debt Collection Practices Act were actual damages under 15 USCS § 1692k(a)(1) with unlimited recovery permitted, where state law provided for a cause of action for intentional infliction of mental distress with unlimited recovery permitted. Notably under New York State law punitive damages are available for emotional distress.

CONCLUSION

40. Defendants engaged in conduct, practices, policies and conspiracies, the natural consequence of which was to harass, intimidate, retaliate, oppress and abuse the plaintiff; violated federal and State law.

41. Defendant's are vicarious liable for the actions of their employees, servants, alter egos and agents.

42. The acts of the defendants were done with malicious, intentional, willful, reckless, wanton and negligent disregard for the plaintiffs' rights and with the purpose of coercing the plaintiffs to pay an alleged debt.

43. As a result of the defendants' conduct, the plaintiff has sustained damages including but not limited to, injury to reputation, damage to plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and

plaintiffs will continue to suffer same for an indefinite time in the future, all to the plaintiffs great detriment and loss.

45. Curto is been forced to expend money and time to defend herself. Curto has and continues to suffer emotional distress such as, including but not limited to, humiliation, upset, shame, scared, sleeplessness, anxious, shock, angry, confusion, frustration, pain and more, as a result of defendants illegal actions, continuing practices and policies.

46. Defendants (continuing) actions, practices and policies constitute, including but not limited to: malicious and willful conduct; illegal; meant to harass, intimidate, retaliate, discriminate; caused Curto emotional distress; negligent hiring, retention, training and supervision .

47. Defendant Palisades Collection, Presseler defendants including but not limited to John/Jane Doe sent unsubstantiated demands/claims for payment through the United States Mail System which constitutes mail fraud under federal and state law.

48. **Jury trial requested**

WHEREFORE, the plaintiff, demands judgment in her favor against the defendants and respectfully prays this Court to grant the following relief:

b) judgment in favor of plaintiff Curto declaring the defendants violated FDCPA, federal and State laws;

d) judgment in favor of plaintiff Curto against the defendants for compensatory damages

e) judgment in favor of plaintiff Curto against the defendants for statutory damages pursuant to 15 USC 1692k and State law;

f) judgment in favor of plaintiff Curto against the defendants for punitive damages;

g) an Order enjoining the defendants from continuing any illegal acts, practices and policies complained of herein in violation of plaintiff Curto rights;

h) judgment in favor of plaintiff Curto against the defendants for emotional distress damages, malicious and willful conduct, harassment, discrimination, intimidation, retaliation; neglect supervision, hiring, retention, training; conspiracy, aiding and abetting; trespass; violation of privacy

i) an Order enjoining the defendants from commencing or continuing any litigation process against plaintiff Curto in violation of FDCPA, federal and State law

j) an Order prohibiting the defendants from filing any action in any court against plaintiff Curto without the consent of this Court

k) judgment in favor of plaintiff Curto against the defendants for cost, fees and expenses associate with litigating this complaint

l) judgment in favor of plaintiff Curto against the defendants for such other and further relief as the Court deems just, necessary and proper.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on March 5, 2008

Patricia J Curto, pro se
20 Hazel Court
West Seneca, NY 14224

| MAURICE H. PRESSLER (1930-2002) | **PRESSLER AND PRESSLER, L.L.P.** | MICHAEL ROSS* |
| SHELDON H. PRESSLER | COUNSELLORS AT LAW | AMY S. MILLER* |
| | 16 Wing Drive | PETER N. FISH |
| GERARD J. FELT | Cedar Knolls, N.J. 07927 | ANTHONY J. CHIRLES JR. |
| STEVEN P. MCCABE | Off: (973) 753-5100 | ALEXANDER TSIRING* |
| LAWRENCE J. MCDERMOTT, JR. | Fax: (973) 753-5353 | RICHARD A. FRANKLIN* |
| | | STEVEN P. BANN |
| MATTHEW H. RUDD | NY Office | ANGELO CAPALBO* |
| MITCHELL L. WILLIAMSON | 990 Stewart Avenue | ERICA L. FIELDS |
| JAMES D. PADGETT | Suite 10 | CHRISTOPER P. ODOGBILI |
| THOMAS M. BROGAN | Garden City, NY 11530 | RICHARD C. CHANG |
| NEIL GREENSTEIN | Off: (516)222-7929 | |
| RALPH GULKO | Fax: (973)753-5353 | |
| JOANNE L. D'AURIZIO | Reply to [X] NJ Office [ ] NY Office | * NY State License Only |

01/24/08
P&P FILE C167886

PATRICIA J CURTO
20 HAZEL CT
WEST SENECA, NY 14224-4419

Amount of Debt   $10,397.53

Dear PATRICIA J CURTO

This is to notify you that your Account # 6011002857518898 which was previously owed to Discover has been purchased by PALISADES COLLECTION, L.L.C. and has been placed with the Law Firm of Pressler and Pressler, LLP for collection.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT
TO FEDERAL STATUTE:

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.