UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Patricia J. Curto,

                        Plaintiff,                       **Hon. Hugh B. Scott**

                                                         07CV529S

                v.                                      **Order**

Palisades Collection, LLC, et al.

                        Defendants.
_____

      The plaintiff has filed a motion seeking the recusal of the undersigned in this case. (Docket No. 44). The basis for the plaintiff's motion appears to be as follows: (1) that the Court allowed counsel for certain defendants who lack a local office to participate in conferences before the Court by telephone (Docket No. 44 at ¶ 7); (2) that this Court denied the plaintiff use of a Court conference room to take depositions in this case. (Docket No. 44 at ¶8).

      The plaintiff asserts that the decision to allow counsel for the defendants to participate in conferences by phone, along with the refusal to allow her to use a Court conference room for depositions, violates her equal protection and due process rights. (Docket No. 44 at ¶ 9). The plaintiff's constitutional due process and equal protection rights are not implicated in any way by the decisions allowing counsel to appear by phone and denying access to a conference room. Plaintiff asserts that counsel for the defendants should not be allowed to participate by phone because the defendants have not requested, or been granted, *in forma pauperis* status. (Docket

1

No. 44 at ¶¶ 4, 7).  Courts often allow out-of-town counsel to participate in brief pretrial conferences by telephone rather than spend the time and expense of traveling several hours for a conference that often lasts only a few minutes.  This accommodation is not based upon a showing of financial hardship, but upon the interests of judicial economy.  The accommodation of counsel participating by phone also bears no relation to the denial of the plaintiff's request for access to a Court conference room.  The fact that a plaintiff had been granted *in forma pauperis* status does not automatically entitle the plaintiff to access to Court facilities.  There are many plaintiffs with *in forma pauperis* status, and very few Court conference rooms.  It is not the typical practice of this Court to allow access to the Court conference room to *pro se* plaintiffs to take depositions.

Pursuant to 28 U.S.C. § 455(a),  "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The plaintiff has not articulated a basis for recusal, and the Court finds none to exist. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").  The plaintiff's motion seeking recusal of the undersigned is denied.

So Ordered.

                                               */s/ Hugh B. Scott*
                                               United States Magistrate Judge
                                               Western District of New York

Buffalo, New York
July 21, 2008