UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA J. CURTO

                Plaintiff,

v.                                                        **ORDER**

PALISADES COLLECTION, LLC, et al.,        07-CV-5295S(Sc)

                Defendants.

1.  The Court received two letters from Plaintiff, dated May 22, 2008 and May 23, 2008, alleging various violations of the Court's ADR Plan by Defendants, their counsel and the Mediator. Based on these purported violations, Plaintiff declined to execute a mediation agreement and participate in the mediation process. The purpose of this Order is to clarify the ADR Plan requirements and address Plaintiff's various requests for relief.

2.  Plaintiff states that Defendant Sheldon H. Pressler submitted an *ex parte* request that he be permitted to participate in mediation by telephone. Section 5.8(A) of the Court's ADR Plan states that "[a]ll named parties and their counsel are required to attend the mediation session[s] in person unless excused under 5.8(E)." Section 5.8(E) requires that a request to be excused be made by letter, that it be made at least 10 days prior to the date set for mediation, and that a copy of the request be sent to all other counsel and unrepresented parties. To the extent Defendant Pressler did not comply with one or more of these requirements, his request was in violation of the ADR Plan.

3.  Plaintiff states that Defendants Pressler & Pressler, Richard Frank, Jennifer Kwak and Lori Cetani did not request to be excused from attending the mediation, and yet none

were in attendance. As already stated, all named parties are required to attend a mediation in person, unless they make a proper request to be excused that is granted by the Mediator. With regard to Pressler & Pressler, to the extent that Sheldon H. Pressler is a person with authority to settle and who is knowledgeable about the facts and circumstances of the case and the claims being made, his attendance (in person or, if properly excused, by telephone) would be sufficient to represent the business entity. ADR Plan § 5.8(A)(1). To the extent that individually named Defendants did not request to be excused and did not attend the mediation, they are in violation of the ADR Plan.

4.  Plaintiff states that counsel for Defendant Palisades Collection appeared in person, but made an untimely request that Peter Fish, presumably a corporate representative, be excused. She also states that Mitchell L. Williamson, counsel for all the remaining Defendants, made an untimely request that he be permitted to appear by telephone, a request Plaintiff did not receive prior to the mediation date. To the extent counsels' requests were untimely, they were made in violation of the ADR Plan.

5.  Despite these purported violations, defense counsel both appeared at the mediation, one in person and one by telephone. They apparently made a settlement offer which Plaintiff rejected out of hand. Plaintiff declined to use the services of the mediator, who was ready to assist the parties in working toward a resolution.

6.  Plaintiff's request that Defendants and their counsel be sanctioned is denied. Defendants' willingness to participate in mediation is evidenced by their attendance, through counsel, and the presentment of a settlement offer. Plaintiff's dissatisfaction with the offer is not grounds for sanctions. Plaintiff's request that the mediator be removed from the Court's mediator list is denied. Plaintiff's request that she be permitted to opt-out of

ADR is itself untimely and not made in the form required by the ADR Plan. It, too, is denied.

7.      Dispositive motions are due in this case on November 28, 2008. In the event no dispositive motions are filed, the parties shall contact Mediator Korn and schedule a mediation session to be held no later than **December 28, 2008**. Mediation may continue until **March 23, 2009**. All parties and counsel are directed to comply fully with the ADR Plan requirements. Plaintiff is advised that the Mediator's decision on a properly presented request to be excused is final.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 4, 2008