UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PATRICIA J. CURTO,
     Plaintiff,

V.              Civil Action No. 07-CV-529-S

PALISADES COLLECTION,
PRESSLER & PRESSLER, et al.,
Sued in their individual personal capacity
And official capacity
     Defendants.

---

MEMORANDUM OF LAW IN OPPOSTION
TO DEFENDANTS MOTION TO DISMISS

Patricia J Curto, pro se submits this memorandum of law in opposition to defendants motion to dismiss and based on the facts and law defendants motion should be dismissed in it's entirety.

**POINT**

Judge Scott issued an order on March 12, 2008:

¶ 10 states dispositive motion be filed **no later than November 28, 2008**

¶ 12 states No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

The Court's December 30, 2008 Order has the Palisades defendant filing a Motion for Summary Judgment on **December 17, 2008** and the other defendants joining on **December 18, 2008**. Therefore the defendants summary judgment motion is untimely and should be dismissed. Also local rule 7 requires moving party to include in the notice of motion a statement if they intend to Reply and the defendants in the instant motion did not. Therefore the defendants should not be allowed to reply. In the event the defendants

I

are allowed to reply, Curto requests oral arguments and/or a sur-reply.

**POINT**

Single violation of any provision of Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.) is sufficient to establish civil liability under Act, since 15 USCS § 1692k establishes civil liability for any debt collector who fails to comply with any provision of Act. Taylor v Perrin, Landry, deLaunay & Durand (1997, CA5 La) 103 F3d 1232.

**POINT**

Buffalo City Court No. E08051 Palisades v Curto, the third of four complaints and the second filed in Buffalo City Court, was filed by Pressler & Pressler attorney Richard A. Franklin on May 24, 2007, see exhibit A. The "Verified Complaint" was filed in Buffalo City Court because "Upon information and belief, defendant resides or is employed in the county in which this action is brought." see ¶ 2. Residence or employment in Erie County does NOT confer jurisdiction to Buffalo City Court, see Judge Givens MDO May 26, 2005 in Palisades' first complaint against Curto, Buffalo City Court No. B71774, at Peter Fish Affidavit exhibit 2.

Filing No. E08051 Palisades v Curto on May 24, 2007 in Buffalo City Court because Curto resides or is employed in Erie County, was an error of well settled law and it is well settled law a bona fide error defense 15 USCS § 1692k(c) can not be raised even if properly proven, for example see:

> Debt collectors who sent letter to debtor that failed to specify amount of interest owed on credit card debt and which demanded attorney's fees were not entitled to dismissal pursuant to 15 USCS § 1692k(c) on ground of bona fide error because § **1692k(c) did not apply to errors of law** and, in any event, provided defense but did not state basis upon which to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). McDowall v Leschack & Grodensky, P.C. (2003, SD NY) 279 F Supp 2d 197.
> Reliance on advice of counsel or mistake about law is insufficient by itself to raise

bona fide error defense; **15 USCS § 1692k(c) does not immunize mistakes of law**, even if properly proven. Baker v G. C. Services Corp. (1982, CA9 Or) 677 F2d 775.

Notably Curto's residence located in Orchard Park is also located in Erie County and would have result in Palisades and Pressler filing their action in Buffalo City Court.

The defendants in their supporting affidavits for dismissal of the instant action, repeatedly **falsely** claim Buffalo City Court No. E08051 was in Buffalo City Court because Curto lived in Buffalo or so they believed. Assuming arguendo that Complaint No. E08051 stated Curto resided in Buffalo NY, FDCPA would still have been violated and 1692k(c) would not apply because Judge Givens May 26, 2005 MDO for No. B71774 informed Palisades that an action for Curto's residence located at 20 Hazel Ct. could not be filed in Buffalo City Court. See:

>   Debt collector who files suit in wrong court according to provisions of 15 USCS § 1692i is liable therefor pursuant to 15 USCS § 1692k. Addison v Braud (1997, CA5 La) 105 F3d 223, amd, reh den (1997, CA5 La) 1997 US App LEXIS 5570.
>
>   Where debt collector discovered it had filed suit against debtor in wrong county, it **was not entitled to affirmative defense set forth in 15 USCS § 1692k(c)** and it violated 15 USCS § 1692i. Canady v Wisenbaker Law Offices, P.C. (2005, ND Ga) 372 F Supp 2d 1379.
>
>   Where jurisdiction of justice courts in Nevada for civil matters appeared to be limited by state to township itself pursuant to Nev. Rev. Stat. § 4.370(4), defendant violated 15 USCS § 1692i by filing lawsuit in wrong justice court. Nichols v Byrd (2006, DC Nev) 435 F Supp 2d 1101.

There is a financial advantage for the defendants to file in Buffalo City Court rather than NY Supreme Court because the <u>maximum</u> amount of city court fees is $45.00 while the <u>minimum</u> court fees in Supreme Court is hundreds of dollars.

Curto answered and moved for dismissal of Buffalo City Court No. E08051; citing

3

and attaching the prior Buffalo City Court decision of Judge Givens. See: Harding v Regent (2004, ND Tex) 347 F Supp 2d 334; Defendant debt collector's motion to dismiss was denied where plaintiff could show that filing of answer to defendant's collection action in state court and transmittal of that answer via facsimile to defendant conferred sufficient knowledge upon defendant to hold defendant accountable under 11 USCS § 1692.

Oral arguments were scheduled for July 20, 2007 and the day before Pressler & Pressler overnited a letter with their pleadings in opposition to the motion to dismiss, to Buffalo City Court requesting an adjournment. Curto was the only party to appear for oral arguments on July 20, 2007. The adjournment was granted until August 20, 2007. Oral arguments were held on August 20, 2007 without further submissions/pleadings by Pressler; Curto was the only party to appear; and the court dismissed the complaint. The defendants continued prosecution of the case after receiving Curto's answer and motion to dismiss was harassment, abuse and etc which is a violation of FDCPA, see Jeter v Credit Bureau (1985, CA11 Ga) 760 F2d 1168; Ordinarily, whether conduct harasses, oppresses, or abuses, within purview of 15 USCS § 1692d, is question for jury.

Defendants have falsely claimed Buffalo City Court No. E08051 Order dismissing filed on Sept. 17, 2007 was pursuant to a Stipulation to Discontinue which they filed on Sept. 20, 2007. The Stipulation to Discontinue falsely states all parties agree - Curto knew nothing of it, did not agree and only learned of it during subsequent litigation in another complaint. Therefore there was no stipulation.

Defendants repeated blatant false statements and illegal acts should be weighted in assessing any statements they make. Additional such examples:

1) Pressler & Pressler attorney Gerard J Felt swears in his request to the Orchard

4

Park postmaster that "the address information is needed and will be used solely for service of legal process...". see Williamson exhibit 2 but they repeatedly claim the information was used to determine judicial venue - Curto lived in Buffalo. Notably Williamson exhibit 2 states that is criminal and could result in 5 yrs imprisonment and $10,000.00 fine pursuant to 18USC1001.

2) Mr Williamson falsely states in his affidavit (¶8-9) that Pressler used a report (Williamson exhibit 3) dated **February 4, 2008** when it filed suit in the Buffalo City Court on **May 24, 2007---Pressler's lawsuit predates the report** by about 8 months.

**POINT**

The January 24, 2008 collection letter See exhibit B, falsely states: "At this time, no attorney with this firm has personally reviewed the particular circumstance of your account". Defendant Pressler attorney Richard A Franklin filed a VERIFICATION with the summons and VERIFIED complaint, on May 24, 2007 in Buffalo City Court (see Exhibit A ) "affirming under the penalties of perjury" that he had. Also defendant Pressler lawyer Jennifer Kwak submitted papers to Buffalo City Court and etc.. Therefore the January 24, 2008 collection letter was false, misleading and etc within the meaning of the FDCPA when it falsely stated no attorney "has personally reviewed the particular circumstance...".

Additionally because of the involvement by Pressler's lawyer in 2007 they were required to review the 2008 collection letter.

**POINT**

Mr Willaimson's Affidavit exhibit 1 copy of Pressler & Presser's collection letters

5

and see exhibit B attached has the exact same wording as cited <u>Vega v Credit Bureau Enterprise</u> No 02-CV-1550 (NDNY March 29, 2005) LEXIS 4927 and quoted below

"Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this [*3] office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector."

AND the court found it violates § 1692g(a)(3) and granted summary judgment to the plaintiff. Also see:

Collection notice violated Fair Debt Collection Practices Act, 15 USCS § 1692g, insofar as it stated that disputes had to be made in writing because plain meaning of § 1692g(a)(3) did not require that disputes be made in writing and plain meaning was neither absurd in its results nor contrary to legislative intent. Thus, there was no writing requirement implicit in § 1692g(a)(3). <u>Camacho v Bridgeport Fin., Inc.</u> (2005, CA9 Cal) 430 F3d 1078.

Law firm's motion to dismiss claim under Fair Debt Collection Practices Act was denied because requirement in dunning letter that debtor notify firm "in writing" if he disputed debt violated plain meaning of 15 USCS § 1692(g)(3). <u>Baez v Wagner & Hunt, P.A.</u> (2006, SD Fla) 442 F Supp 2d 1273, 20 FLW Fed D 103.

Motion to dismiss class action alleging violation of Fair Debt Collection Practices Act, 15 USCS § 1692g, and state Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01 et seq., was denied as, contrary to argument of defendants, 15 USCS § 1692g(a)(3) contained no validation notice requirement in foreclosure actions that debt disputes be in writing, and district court declined to insert such requirement; plain meaning of § 1692g was clear and unambiguous, and it was neither absurd in its results nor contrary to legislative intent. <u>Jerman v Carlisle</u> (2006, ND Ohio) 464 F Supp 2d 720.

**POINT**

Mr DelValle falsely states in MOL Facts that Palisades is the owner of Curto's unpaid Discover card account indebtedness. This Court does not have the jurisdiction to adjudicate this falsely alleged debt and the court(s) that do have such jurisdiction have

6

repeatedly found there to be no cause of action against Curto by Palisades.

Palisades has never produced the alleged assignment in any court or during any proceedings or as an exhibit in any pleadings (and now is precluded). Consequently Palisades, has failed to establish that it has a right to collect this (falsely) alleged debt. In the absence of the document on which his statement is based, his statement is of no probative value (Palisades Collection v Gonzalez, Civil Court of the City of New York, New York County 58564 CV 2004 (Dec 12, 2005);Vermette v Kenworth Truck Co., Div. of Paccar, Inc., 68 NY2d at 717; Afco Credit Corp. v Mohr, 156 AD2d at 288). **Consequently, Palisades has failed to establish that Palisades has the right to collect** this (falsely alleged) debt.

**POINT**

Defendants papers in support of their motion to dismiss assert as fact that Curto owes a debt regarding a Discover Card account number 6011002857518898. Defendants make several statements and include as exhibits several documents in support. First this court lacks jurisdiction to adjudicate a debt; second it has been decided in Buffalo City Court and State Supreme Court and the principles of res adjudicata, collateral estoppel and preclusion prohibit re-litigation.

a. NO EVIDENCE

Palisades is aware their statements and documents submitted in support of their motion to dismiss the instant complaints is not evidence, as the same was submitted and rejected in Palisades v Maria Gonzalez; Civil Court of the City of New York, New York County, 58564 CV 2004, decided on December 12, 2005; see exhibit C.

b. ALREADY DECIDED

Curto has repeatedly stated in her pleadings for both State Supreme Court cases defendants filed and in the instant action that in the first case Buffalo City Court (Docket No. B71774) they were commanded to produce evidence in support of their summary judgment motion, could not and admitted no records essential to proving the complaint were in their possession, nor could they obtain such records; and the defendants have never denied. Additionally an admission in any court is an admission in all courts. Palisades after making the undisputed admissions continued to send collection letters and filed 3 successive complaints which is harassment, abuse and etc which is a violation of FDCPA, see Jeter v Credit Bureau (1985, CA11 Ga) 760 F2d 1168; Ordinarily, whether conduct harasses, oppresses, or abuses, within purview of 15 USCS § 1692d, is question for jury. Additional the three subsequent complaints filed by Palisades against Curto was done so without verifying the debt - which of course they could not. Filing complaints without verifying the debt or before verifying the debt is a clear violation of FDCPA.

**FOURTH** Palisades Collection complaint No. 2008001782 against Curto was filed in NY State Supreme Court February 2008. Curto answered including the affirmative defense that the complaint lacked merit and moved for dismissal, quoting from the moving affidavit:

"POINT III
12. Significantly the Buffalo City Court/Judges (Docket No. B71774) repeatedly commanded plaintiff to produce documentary evidence, for example each monthly statement and a contract, and each and every time plaintiff appeared, they failed to produce any documentary evidence. Counsel for plaintiff/Palisades Collection admitted no records essential to proving the complaint were in their possession, nor could they obtain such records. All the records, which the defendants stated in court they possessed and included in their pleadings (relating to this matter), had no name on any document/record. Significantly these same records (see exhibit C) were also included in the duplicate

Supreme Court case No. 2006000057. To date plaintiff has had repeated opportunities, in three/3 different cases, in multiple courts, to produce documentary evidence/ records in support of their allegations but has failed to do so."

Curto's exhibit C was Palisades records/documents which they had previously claimed showed merit as included in Curto's motion to dismiss and Palisades offered nothing more.

Significantly and as noted in the Supreme Court decision, quoting

"At the time of oral argument, the only papers before the court with respect to the motion to dismiss were defendant's notice of motion and affidavit. Plaintiff had not submitted any papers in opposition to the motion prior to oral argument. During oral argument, the court asked plaintiff's counsel if he wished to submit anything on papers in opposition to the motion and plaintiff's counsel indicated he did not. Therefore, the motion was fully submitted to the court on April 10, 2008.
Defendant's motion to dismiss plaintiff's complaint is granted"

Therefore it was dismissed with prejudice and the principles of res adjudicata, collateral estoppel and preclusion apply to Palisades/Pressler relitigating in this Court or any court. Mr DelValle reliance on 420 East Associates v Estate of Lennon, 225 AD.2d 326, 638NYS.2d 472 (NYAD 1 Dept, 1996) that all four of Palisades complaints were dismissed without prejudice is misplaced. In 420 East Associates the court granted defendant-respondent's motion pursuant to CPLR 3215(c) to dismiss the complaint as against it as abandoned. None of Palisades four complaints were dismissed as abandoned. Relevant caselaw is well settled that Palisades Collection complaint No. 2008-1782 against Curto filed in NY State Supreme Court February 2008 was dismissed with prejudice, quoting Curto's March 25, 2008 Affidavit in support of motion to dismiss Supreme court No. 20008-1782

POINT III
12.     During prior litigation of the alleged debt in Buffalo City Court Docket No.

B71774, counsel for Palisades Collection admitted no records essential to proving the complaint were in their possession, nor could they obtain such records. All the records which the defendants stated in court they possessed and included in their pleadings (relating to this matter) had no name on any document/record. Significantly these same records were also included in the duplicate Supreme Court docket No. 2006000057.

SEE:

SPARKMAN v. ZWICKER & ASSOCIATES, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK
374 F. Supp. 2d 293; 2005 U.S. Dist. LEXIS 13107
June 30, 2005, Decided
"Judicial estoppel prevents a party from asserting a factual position in a pending legal proceeding that is contrary to a position taken by the party in a prior legal proceeding. *Bridgeway Corp.*, 201 F.3d at 141.
The doctrine seeks to preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions. The doctrine also seeks to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings. *Bates v. Long Island Railroad Co.*, 997 F.2d 1028, 1037-38 (2d Cir. 1993).

**Since 1920, defeated plaintiff who seeks another chance must show either that words "without prejudice" have been incorporated in prior judgment, or that new theory of action could not have been set forth in prior complaint. Frank Kiebitz & Sons v. Berman (2 Dept. 1936) 158 Misc. 434, 285 N.Y.S. 810**

Where judgment of dismissal of complaint did not contain recital that it was made without prejudice, it was final determination on the merits and a bar to the commencement of another action for the same cause. Donner v. Baker (4 Dept. 1960) 11 A.D.2d 905, 203 N.Y.S.2d 56.

Judgment of dismissal at end of plaintiff's case, not reciting that it is without prejudice, bars subsequent action on same cause. Hollenbeck v. Aetna Casualty & Surety Co. of Hartford Conn. (3 Dept. 1926) 215 A.D. 609, 214 N.Y.S. 402, affirmed 243 N.Y. 540, 154 N.E. 596

Ruling of court, in granting defendant's motion to dismiss at end of plaintiff's evidence, that plaintiff had failed to make out from evidence a prima facie case had the effect of a dismissal with prejudice, since the contrary was not stated. Roland v. Hubbard (1 Dept. 1971) 36 A.D.2d 599, 318 N.Y.S.2d 644.

In action by husband and wife against proprietor of restaurant for injuries sustained by wife when she fell while leaving restaurant and for loss of services and expenses incidental thereto, wherein issue of proprietor's liability was submitted to court for determination at end of husband and wife's proof on that issue, dismissal of complaint was a final

determination on the merits. Beutenmiller v. West End Tavern (2 Dept. 1955) 285 A.D. 820, 136 N.Y.S.2d 839, reargument denied 285 A.D. 892, 139 N.Y.S.2d 252, appeal granted 309 N.Y. 798, 130 N.E.2d 599, affirmed 1 N.Y.2d 652, 150 N.Y.S.2d 21, 133 N.E.2d 510.

Under C.P.A. § 482, dismissal of complaint at close of plaintiff's evidence was a final determination upon the merits and bars a new action between the same parties or their privies for the same cause of action, unless dismissal was without prejudice. Hansen v. City of New York (1 Dept. 1948) 274 A.D. 196, 80 N.Y.S.2d 249, appeal granted, reargument denied 274 A.D. 885, 84 N.Y.S.2d 698, affirmed 299 N.Y. 136, 85 N.E.2d 905

Judgment entered upon dismissal of complaint at close of plaintiffs' evidence is in effect the same as if entered upon directed verdict. Tanner v. Tennenbaum (1 Dept. 1932) 235 A.D. 173, 256 N.Y.S. 562

A judgment of dismissal by municipal court, in action involving identical parties and identical issues, based on fact finding that all parties to automobile collision were negligent, was res judicata in subsequent action for personal injuries and property damage arising out of collision. Holmes v. Ivanhoe Cleaners & Dyers (4 Dept. 1937) 252 A.D. 765, 298 N.Y.S. 977

Prior judgment dismissing cause for nonsupport alleged in wife's complaint for separation was a dismissal on the merits, where it was granted after close of proponent's evidence and it did not state that dismissal was not on the merits and that determination was res judicata as to issue of nonsupport in subsequent suit by tradesman against husband and wife for necessaries provided wife. Rosamilia v. Morton, 1965, 45 Misc.2d 714, 257 N.Y.S.2d 828

Where counsel for objectants was directed to proceed with his proof, but no evidence was offered, dismissal of objections for failure of proof was a dismissal on the merits. In re Gibson's Estate, 1957, 7 Misc.2d 537, 164 N.Y.S.2d 630.

Since judgment in prior action was entered after plaintiff had rested its case, the judgment was technically on the merits for purposes of doctrine of collateral estoppel. W. L. Development Corp. v. Thalgott (2 Dept. 1976) 54 A.D.2d 901, 387 N.Y.S.2d 902.

Order directing dismissal of first cause of action in complaint after all evidence had been submitted, without direction that dismissal should be without prejudice, was final determination on merits and constituted "recovery" by defendant within C.P.A. § 1483 entitling defendant to costs. Holton Palmetto Press v. Robinson, 1933, 147 Misc. 267, 263 N.Y.S. 638. Costs 48

Judgment of dismissal of suit for failure of proof of law of Mexico was final determination on merits. Riley v. Pierce Oil Corporation, 1927, 245 N.Y. 152, 156 N.E. 647, reargument denied 245 N.Y. 607, 157 N.E. 877.

The dismissal of complaint at close of plaintiff's evidence, on ground of failure of proof, barred new action. Glover v. Egner, 1939, 256 A.D. 981, 10 N.Y.S.2d 301. Judgment 570(4)

Dismissal, though for mere failure of proof, prevents subsequent litigation, unless plaintiff convinces court that necessary evidence can be produced later. Ziegler v. International Ry. Co. (4 Dept. 1931) 232 A.D. 43, 248 N.Y.S. 375

A former judgment dismissing action for either of two legal reasons was a final determination that the complaint, without more, was ineffectual, and was a bar to subsequent action wherein the complaint was virtually a copy of the complaint in the first action. Linton v. Perry Knitting Co., 1945, 295 N.Y. 14, 64 N.E.2d 270. Judgment 570(11)

Trial court's decision on defendant's motion to dismiss complaint at close of plaintiff's case will be deemed to be on merits, rather than nonsuit, so as to require fact findings, where defendant rests his case on testimony of plaintiff's witnesses or proves his case by making them his own witnesses on cross-examination or sole issue is construction or interpretation of written documents produced by plaintiff. Ten Eyck v. Lombard, 1937, 162 Misc. 517, 296 N.Y.S. 49.

Purported landlord failed to demonstrate, following dismissal of nonpayment of rent suit for "failure of proof," proof that she was currently a member in good standing with rent stabilization association as to the apartment involved in the litigation, and that a landlord-tenant relationship existed between her and purported tenant, both of which purported landlord failed to prove initially in first suit; therefore, dismissal in previous proceeding was a final judgment on the merits barring relitigation. Lyddy v. Ayling, 1981, 111 Misc.2d 449, 444 N.Y.S.2d 823.

A judgment dismissing complaint, which judgment did not contain recital that dismissal was "without prejudice," was conclusive upon merits of controversy, under C.P.A. § 482. O'Brien v. New York Edison Co., 1939, 26 F.Supp. 290.

This rule does not require that prior judgment contain precise words "on the merits" in order to be given res judicata effect; it suffices that it appears from the judgment that the dismissal was on the merits. Strange v. Montefiore Hosp. and Medical Center, 1983, 59 N.Y.2d 737, 463 N.Y.S.2d 429, 450 N.E.2d 235.

**POINT**

Palisades Collection complaint No. 2008001782 against Curto was filed in NY State Supreme Court February 2008. Presslers agent John Doe, now known to be Richard M. Fink, in violation of FDCPA and federal postal law, left the summons and

12

complaint in Curto's mailbox and it was not even placed in an envelope, see: Hodges v Armada (In re Hodges) (2006, BC ED Wash) 342 BR 616; Collection agency's act of sending window envelope where anyone seeing that envelope could see statement "you have total of $ 1,278.04 owing at this . . ." violated both 15 USCS §§ 1692f(7) and 1692f(8).

**POINT**

Sending of mass-produced dunning letters by attorney to debtors violates 15 USCS § 1692e(3), where attorney does not review each debtor's file, does not determine when particular letters should be sent, does not approve sending of particular letters based upon recommendations of others, does not see particular letters before they are sent, and does not know identities of persons to whom letters are issued. Avila v Rubin (1996, CA7 Ill) 84 F3d 222.

Lawyer who is debt collector violates 15 USCS § 1692e(3) and (10) if he sends dunning letter that he has not reviewed, since his lawyer's letterhead then falsely implies that he has reviewed creditor's claim. Boyd v Wexler (2001, CA7 Ill) 275 F3d 642, reh den, reh, en banc, den (2002, CA7 Ill) 2002 US App LEXIS 17762 and cert den (2002) 537 US 883, 154 L Ed 2d 141, 123 S Ct 106.

When attorney who had minimal, cursory involvement in collection process sent collection letters to bank's credit card holders under his letterhead, he and bank he represented were found to have violated 15 USCS § 1692e(3) and (10), respectively. Nielsen v Dickerson (2002, CA7 Ill) 307 F3d 623.

**Additional relevant caselaw:**

15 USCS § 1692e applies even when false representation was unintentional. Clark v Capital Credit & Collection Servs., Inc. (2006, CA9 Or) 460 F3d 1162.

JOHNSON v. JESSE L. RIDDLE; RIDDLE &
ASSOCIATES, P.C.; JOHN DOE OWNERS 1-10; JOHN DOE COLLECTORS
UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
443 F.3d 723; 2006 U.S. App. LEXIS 8078
April 4, 2006, Filed

"they disagreed regarding inferences to be drawn from statements made by agency and its employee to debtor, such disagreement, if reasonable, was **for jury to determine**, not for court to determine in motion to dismiss context; therefore, Fed. R. Civ. P. 12(b)(6) motion filed by agency and its employee was denied as to debtor's claims under 15 USCS §§ 1692e, 1692e(5) and 1692e(10). Thomas v LDG Fin. Servs., LLC (2006, ND Ga) 463 F Supp 2d 1370."

Court refused to dismiss Fair Debt Collection Practices Act claim against debt collector; debt collector's argument that letters sent to plaintiffs satisfied 15 USCS §§ 1692f and 1692g(a) was substantive argument that could **not be considered upon motion to dismiss**. Mikula v Great Lakes Fin. Servs. (2004, ND Ill) 33 EBC 2427

Bona fide error exception (15 USCS § 1692k(c)) is affirmative defense, for which defendant debt collector has burden of proof at trial. Fox v Citicorp Credit Servs. (1994, CA9 Ariz) 15 F3d 1507, 94 CDOS 733, 94 Daily Journal DAR 1257.

Attorney was unable to establish bona fide error defense under Fair Debt Collection Practices Act (FDCPA), 15 USCS § 1692k(e), based on his alleged ignorance of debtor's pending bankruptcy when he filed collection suit because pendency of bankruptcy was not relevant to FDCPA violation, which was established by fact that collection suit was for loan that was void under state law due to its usurious interest rate. Conner v Howe (2004, SD Ind) 344 F Supp 2d 1164.

Under Fair Debt Collection Practices Act (FDCPA), debtor stated cause of action against debt collectors who became hostile toward debtor and misrepresented that she was personally liable on corporate credit card; although card was used for personal purposes and debtor may have violated terms of card's agreement, "debt" for purposes of FDCPA was involved, pursuant to 15 USCS § 1692a(5); debt collectors did not have "bona fide error" defense under 15 USCS § 1692k(c) **as debt collectors knew or should have known nature of debt,** and court was not convinced that face of complaint clearly revealed existence of bona fide error defense. Perk v Worden (2007, ED Va) 475 F Supp 2d 565.

Reliance on advice of counsel or mistake about law is not protected by bona fide error defense (15 USCS § 1692k(c)). Picht v Jon R. Hawks, Ltd. (2001, CA8 Minn) 236 F3d 446 (criticized in Johnson v Riddle (2002, CA10 Utah) 305 F3d 1107).

While law firm's reliance on its client might have been relevant, district court erred when it treated law firm's alleged reliance on its client's representation as another reason to dismiss for failure to state claim because its proper role was as defense against legally cognizable claims under Fair Debt Collection Practices Act (FDCPA), 15 USCS §§ 1692 et seq., because FDCPA provided exclusive method of considering whether attorney's

false statements were product of reasonable reliance upon another party: bona fide error defense of 15 USCS § 1692k(c). Sayyed v Wolpoff & Abramson (2007, CA4 Md) 485 F3d 226.

Where debtor claimed that law firm hired by creditor to collect credit card debt violated 15 USCS § 1692d, § 1692e, and § 1692f, by making threatening and abusive telephone calls, and firm asserted bona fide error defense, **firm was not entitled to summary judgment because it had not presented competent evidence to show that no reasonable jury could find that violation was not intentional** and that any error committed was not bona fide. Worch v Wolpoff & Abramson, L.L.P. (2007, ED Mo) 477 F Supp 2d 1015.

Debt collectors who sent letter to debtor that failed to specify amount of interest owed on credit card debt and which demanded attorney's fees were not entitled to dismissal pursuant to 15 USCS § 1692k(c) on ground of bona fide error because **§ 1692k(c) did not apply to errors of law** and, in any event, provided defense but did not state basis upon which to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). McDowall v Leschack & Grodensky, P.C. **(2003, SD NY)** 279 F Supp 2d 197.

Debt collector's letter satisfied 15 USCS § 1692g(a)(1) of Fair Debt Collection Practices Act, requiring inclusion of statement of amount due, because letter broke down unpaid principal and interest amounts, and stated total amount due, and statement regarding potential future increases in amount due did not undermine clarity of total amounts provided at time letter was sent out. Taylor v Cavalry Inv., LLC (2002, ND Ill) 210 F Supp 2d 1001, affd (2004, CA7 Ill) 365 F3d 572, reh den, reh, en banc, den (2004, CA7 Ill) 2004 US App LEXIS 10499.

Credit card debtor could show that debt collector and collection agency made at least one intentional business decision which directly violated Fair Debt Collection Practices Act (FDCPA); good example of defendants' intentional-not unintentional-business decisions to violate FDCPA was defendants' decision to continue collection of alleged debt from debtor after he had requested verification of debt. Caputo v Prof'l Recovery Servs. (2003, DC Kan) 261 F Supp 2d 1249.

Company violated 15 USCS § 1692e(2)(A) because it was undisputed that debt named in both communications from company to buyers was not owed by buyers; company admitted both letters were sent in error, but even unintentional misrepresentation of amount of debt violates § 1692e(2)(A). Berndt v Fairfield Resorts, Inc. (2004, WD Wis) 337 F Supp 2d 1120, mod, on reconsideration, summary judgment den, summary judgment gr (2004, WD Wis) 339 F Supp 2d 1064.
(FDCPA) prohibits debt collectors from falsely representing character, amount, or legal status of any debt

Borrower's allegations that debt collection attorneys violated 15 USCS §§ 1692e and 1692f, survived motion to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), because allegations included claim that **attorneys knew, or had reason to know**, that statements in creditor's affidavit were false and inaccurate. Williams v Javitch, Block & Rathbone, LLP (2007, SD Ohio) 480 F Supp 2d 1016.

Debtor was granted summary judgment on her claim that defendants violated 15 USCS § 1692g(b), which was part of Fair Debt Collection Practices Act, 15 USCS § 1692 et seq., because **verification of debt was required to be sent to debtor prior to bringing suit** once debtor requested it. Anderson v Frederick J. Hanna & Assocs. (2005, ND Ga) 361 F Supp 2d 1379.

Debtor's claims under 15 USCS §§ 1692d, 1692e, and 1692f against law firm and attorney were sufficiently stated because debtor alleged (1) that law firm and attorney attempted to charge her for items not specifically outlined in her credit card agreement, (2) that they falsely represented amount of debt, and (3) that they threatened her and her family. Neild v Wolpoff & Abramson, LLP (2006, ED Va) 453 F Supp 2d 918.

Debt collector, law firm, **could not escape liability under Fair Debt Collection Practices Act (FDCPA) by blaming its client** for contents of affidavit that it attached to complaint filed against consumer because when it attached copy of affidavit to complaint, affidavit became part of complaint pursuant to Ohio R. Civ. P. 10(C) and Fed. R. Civ. P. 10(c); if contents of that affidavit, read in conjunction with complaint itself, had violated provisions of FDCPA, debt collector could have been held legally responsible. Giomis v Javitch, Block & Rathbone (2005, SD Ohio) 405 F Supp 2d 856, reconsideration den, stay gr, motion to strike den (2005, SD Ohio) 2005 US Dist LEXIS 35573.

Fair Debt Collection Practices Act (FDCPA) prohibits debt collectors from falsely representing character, amount, or legal status of any debt, and debt collectors may not (1) use false or deceptive means to collect debt or (2) threaten to initiate legal action against debtor unless creditor actually intends to do so; collection letters which bear all hallmarks of telegram can be deceptive where creditors simulate or use actual telegram, but less flagrant conduct has been upheld, such as where ordinary sheet of paper is stamped with particular company's logo or with words, "Important Notice" and "Priority-Gram." Anderson v Credit Collection Servs. (2004, SD Cal) 322 F Supp 2d 1094.

Where collection letter violated Fair Debt Collection Practices Act, 15 USCS § 1692g(a)(3) because it required debtor to submit any disputes about debt in writing, although U.S. Court of Appeals for Second Circuit had not rules on writing requirement, and collector relied on precedent from another circuit, collector was not entitled to bona fide error defense under 15 USCS § 1692k(c) because statutory violation resulted from mistaken view of law. Register v Reiner, Reiner & Bendett, PC (2007, DC Conn) 488 F Supp 2d 143.

Company violated 15 USCS § 1692e(2)(A) because it was undisputed that debt named in both communications from company to buyers was not owed by buyers; company

admitted both letters were sent in error, but even unintentional misrepresentation of amount of debt violates § 1692e(2)(A). Berndt v Fairfield Resorts, Inc. (2004, WD Wis) 337 F Supp 2d 1120, mod, on reconsideration, summary judgment den, summary judgment gr (2004, WD Wis) 339 F Supp 2d 1064.
Extent of control exercised by officer or shareholder of collection agency is irrelevant to determining his liability as "debt collector" under FDCPA. Pettit v Retrieval Masters Creditors Bureau, Inc. (2000, CA7 Ill) 211 F3d 1057, reh, en banc, den (2000, CA7 Ill) 2000 US App LEXIS 12848 and

## CASELAW CITED BY DELVALLE and not cited above

### POINT - Complaint Filed in Incorrect Court/bona fide error

Katz v Asset Acceptance 2006 WL 3483921 (EDNY 2006) not factually similar and not relevant to instant case, reliance on is misplaced, quoting

In or about November 2003, Asset Acceptance retained Goldman & Warshaw to provide legal services in connection with the collection of credit card debt owed by Katz. Affidavit of Jeffrey M. Parrella ("Parrella Aff.") P 3. Although Katz resides in Kings County, a Goldman & Warshaw paralegal erroneously entered the numerical code "198" in the venue field of Katz's file signifying New York County rather than "202" signifying Kings County mistakenly entered the incorrect venue code in Katz's file as the result of an "unintentional clerical error."

Mr delValle also cites and his reliance on is misplaced:

Archaempongtieku v Allied Interstate 2005 WL 2036153 (SDNY Aug 24 2005) sent collections with errors;

and Kort v Diversified Collection 394 F.3d 530 (7th Cir 2005) mailing her and others misleading garnishment notices

### POINT - No Attorney Review

Greco v Trainer, Cohen & Thomas, 412 F.3d 360 (2nd Cir. 2006) Wording identical but situation was not identical because as noted above Presllers attorneys had evalued and etc.

Curto's case before filing "verified complaint" Buffalo City Court No. E08051 and during litigation, quoting

"The defendants stated that, although "this office represents the above named BANK OF AMERICA" in the collection of Greco's debt, "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account." Nothing else in the letter confused or contravened this disclaimer of attorney involvement. In light of the disclaimer, we agree with the district court that the least sophisticated consumer, upon reading this letter, must be taken to understand that **no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims.** Accordingly, the district [**14] court was correct to conclude, as a matter of law, that the defendants had not used any "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e." (emphasis added)

**POINT - Itemize Interest on Collection Letter**

Wahl v Midland credit Managemant Inc WL 149962 (ND Ill 2008) issues was "Plaintiff alleges that Defendants sent out collection letters containing false statements regarding the breakdown of principal and interest owed by debtors." and the court cited the two/2 cases below:

*Humes v. Blatt, Hasenmiller, Liebsker & Moore, LLC, No. 06-985, 2007 WL 2793398 (S.D.Ind. Sept. 26, 2007)* debt collector did not violate Section 1692e by listing credit card debt as "principal amount," even though that amount included interest and fees charged by credit card company prior to charge-off of debt

See *Smith v. First Nat'l Collection Bureau, No. 06-4742, 2007 WL 4365335 (N.D.Ill.Dec.10, 2007)* debt collector's statement "Interest: $0.00" was not false even though credit card company had charged debtor interest prior to charge-off of debt

In the instant case Pressler's collection letter(s) do contain "principal amount," and "Interest: $0.00" thereby violating FDCPA

**POINT - Validation Notice on Collection Letter**

Mr. Del Valle states/admits in his November 28, 2008 MOL (Pg7-8) that the defendants January 24, 2008 letter's "validation notice", that was sent to Curto, is substantially similar to the "validation notice" in *Jacobson v Healthcare Financial Services*, 516 F.3d 85 (2d Cir 2008). Mr Del Valle also claims that the Second Circuit decision in *Jacobson* approved the validation notice. In fact, quoting the court's decision

the court found and decided that "the letter in the case before us violates the FDCPA, because it contradicts Jacobson's rights under § 1692g"and "we agree with the Seventh Circuit and with Judge Weinstein". (emphasis added)

Mr Del Valle also cites three other cases, which Curto claims are not relevant to the instant complaints/cases:

1) *McStay v IC Systems*, 308 F3d 188 (2d Cir 2002) the "validation notice" was on the back of letter and McStay argued it should be on the front.

2) *Stoffer v Nationwide Recovery System*, 2007 WL 1175073 (EDNY 2007) "a settlement offer made in the letter contradicted information about Plaintiff's rights contained [*2] in a validation notice"

3) *Jackson v Immediate Credit Recovery*, 2006 WL 3453180 (EDNY 2006) "In her complaint, plaintiff alleges that the "For Colorado State Residents Only" section of the June Notice is misleading because it causes consumers to believe that only Colorado State residents have certain rights, which in fact consumers of all 50 states are afforded by the FDCPA."

## CONCLUSION

Based on the foregoing, the defendants motion for summary judgment should be dismissed in it's entirety.

Respectfully submitted,

Patricia J Curto, pro se
20 Hazel ct.
W. Seneca, NY 14224
Email:nikkidog11252yahoo.com