UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA J. CURTO,

                              Plaintiffs,

         v.                                         **DECISION AND ORDER**
                                                    07-CV-529(S)

PALISADES COLLECTION, LLC. ET AL.,

                              Defendants.

## I. INTRODUCTION

On August 13, 2007, *pro se* plaintiff Patricia J. Curto filed a Complaint in the Western District of New York claiming violations by Defendants Palisades Collection, LLC ("Palisades"), Pressler & Pressler, LLP, Sheldon H. Pressler, Esq., Richard A. Franklin, Esq., Jennifer B. Kwak, Esq., and Lori R. Centani, Esq. (collectively, "Pressler") of the Federal Debt Collection Practices Act ("FDCPA").[1]  Plaintiff alleges that Palisades filed successive suits against her, failed to comply with the FDCPA's validation notice requirements, and improperly served process.  Presently before the Court is Defendants' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, Defendants' Motion for Summary Judgment is granted in part, and denied in part.[2]

---

[1]Plaintiff's original Complaint also alleged various claims pursuant to 42 U.S.C. 1983, 1985, and 1986 against Phillip M. Marshall, the New York State Unified Court System, and various John and Jane Does.  The same complaint also sought class certification.  The Honorable Michael A. Telesca, Senior United States District Judge, dismissed these and other claims by separate order on March 10, 2008. (Docket No. 29.)

[2]In support of their motion, Palisades filed the Affidavit of Peter Fish; the Affidavit of Mitchell L. Williamson, Esq.; the Affidavit of Michael Del Valle, Esq.; as well as a Statement of Facts; a Memorandum of Law; and a Reply Memorandum, with attached exhibits.  (Docket Nos. 61, 70.)  Pressler joined

1

## II.  BACKGROUND

### A.    Facts

Plaintiff Patricia J. Curto is a resident of Orchard Park, New York.  (Supplemental Amended Complaint ("Comp."), Docket No. 33, ¶ 3.)  Palisades is a company engaged in the debt collection business.  (Id. at ¶ 7.)  Pressler is a law firm practicing in the area of debt collection, and retained by Palisades for that purpose.  (Defendant Palisades Collection, LLC's Statement of Material Facts, ("Defs.' Statement"), Docket No. 61, ¶ 5.) Sheldon H. Pressler, Esq., Richard A. Franklin, Esq., Jennifer B. Kwak, Esq., and Lori R. Centani, Esq. are all attorneys presently or formerly employed by Pressler.  (Docket No. 64.)

Palisades became the owner of a credit card debt allegedly incurred by Curto.  (See Defs.' Statement ¶ 1.)  After unsuccessfully attempting to collect the debt, Palisades initiated a court proceeding in Buffalo City Court against Curto through the law firm Forster & Garbus on July 26, 2004 ("First Collection Action").  (Id.)  The first collection action was dismissed on May 26, 2005 because Curto's residence in Orchard Park was outside the court's jurisdiction.  (Fish Affidavit ("Fish Aff."), Docket No. 61, Ex. 2.)  Palisades, again through Forster & Garbus, filed suit in November 2005, this time in the Supreme Court, Erie County ("Second Collection Action").  (Defs.' Statement ¶ 3.)  The second collection action was dismissed on April 11, 2006.  (Id. at ¶ 4.)  A court transcript reveals that this case was also dismissed on jurisdictional grounds.  (Defendant Palisades Collection, LLC's

Palisades' motion and relies on Palisades' submissions, but filed its own Reply Memorandum, with attached exhibit.  (Docket Nos. 62, 64, 71.)
   Plaintiff responded by filing his Affidavit in Opposition to Defendants' Motion; a Memorandum of Law in Opposition to Defendants' Motion to Dismiss with attached exhibits; and a Response to Defendants' Statement of Facts.  (Docket Nos. 67, 68, 69.)

Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("Palisades Reply"), Docket No. 70, Ex. 1.)  On May 24, 2007, Palisades brought a third collection action, this time through their new counsel Pressler, and again filed suit in Buffalo City Court ("Third Collection Action").  (Defs. Statement ¶ 5.)  This action was dismissed without prejudice by the Buffalo City Court on September 17, 2007 after Palisades, through their counsel failed to appear.  (Affidavit of Mitchell L. Williamson ("Williamson Aff."), Docket No. 61, Ex. 4.)

Thereafter, Defendants sent Curto a collection letter on January 24, 2008 ("January Letter").  (Defs. Statement ¶ 5.)  This letter contained a validation notice informing Curto of her rights and included language that is the source of several claims.  On February 6, 2008, Defendants resumed legal proceedings in a fourth collection action ("Fourth Collection Action").  This final court proceeding revisited the Supreme Court, Erie County, which had previously heard Defendants' second collection action. (Williamson Aff., Ex. 6.) Curto again moved to dismiss this action.  Following oral argument, the court granted Curto's motion to dismiss on October 21, after Defendants' failed to submit responding papers.  (Id.)

## B.    Procedural History

On the basis of these events, Plaintiff filed a Complaint in the Western District of New York on August 13, 2007.  (Docket No. 1.)  Curto amended her complaint on November 26, 2007, (Docket No. 3.), and Defendants responded by answer, (Docket Nos. 10, 11.)  Thereafter, this case was referred to the Honorable Hugh B. Scott, United States Magistrate Judge, for all non-dispositive motions and procedural matters.  (Docket No. 15.) Judge Telesca  granted a motion dismissing various defendants, including Phillip Marshall and the New York State Unified Court System 8th Judicial District Buffalo City, and

dismissed Plaintiff's class action.  (Docket No. 29.)  On April 7, 2008, the court issued a consolidation order, consolidating another case brought by Plaintiff, case number 8-CV-191, with the present suit.  (Docket No. 32.)

The complaint filed by Plaintiff in 8-CV-191 was deemed a supplemental amended complaint for purposes of this case, (Docket No. 33), to which  Defendants filed supplemental answers on April 23 and 28, 2008,  (Docket Nos. 35, 36).  Plaintiff then sought Judge Scott's recusal on the basis of being denied use of this Court's conference room, as well as for granting Defendants' request to appear telephonically at a scheduling conference set for March 5, 2008.  Judge Scott denied Plaintiff's motion reasoning that, although there are many plaintiffs, there are but few judicial conference rooms, and denying the usage of those rooms did not violate Curto's equal protection and due process rights.  (Docket No. 52.)

Defendants filed the present Motion for Summary Judgment on November 28, 2008.  (Docket Nos. 63, 64.)[3]

## III.  DISCUSSION

### A.    Legal Standards

#### 1.    Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

---

[3]It appears that there was a filing irregularity resulting in Defendants' Memorandum in support of their Motion for Summary Judgment, as well as supporting documents, being electronically filed on November 28, 2008, while the actual motion was not filed until December 17, 2008.  Notwithstanding this incongruence, the Court notes that Defendants' *pro se* notice of motion to Plaintiff was filed in a timely manner.  Because Plaintiff was alerted of Defendants' motion, Plaintiff was not prejudiced and Defendants' Motion for Summary Judgment will be considered as timely filed.

4

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.

A fact is "material" if it "might affect the outcome of the suit under the governing law."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202

(1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn

from the evidence must be "viewed in the light most favorable to the party opposing the

motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26

L. Ed. 2d 142 (1970). "Only when reasonable minds could not differ as to the import of

evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.

1991). The function of the court is not "to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S.

at 249. "Assessments of credibility and choices between conflicting versions of the events

are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85

F.3d 1002, 1011 (2d Cir. 1996).

### 2.    Defendants' Motion for Summary Judgment

Congress enacted the FDCPA "to eliminate abusive debt collection practices by

debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent state

action to protect consumers against debt collection abuses." Greco v. Trauner, Cohen &

Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting 15 U.S.C. § 1692(e)). A single

violation of any provision of 15 U.S.C. § 1692 is sufficient to establish civil liability. Clomon

v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

In his supplemental amended complaint, Curto alleges Defendants violated 15 U.S.C. § 1692k, the FDCPA's civil liability provision.  § 1692k does not, in itself, specify particular violative behavior, but rather delineates a party's liabilities for violations of the FDCPA's other provisions.  See 15 U.S.C. § 1692k.  However, cognizant of the distinct disadvantage *pro se* litigants face, the Court reads Curto's submissions carefully and liberally, and interprets them so as to raise the strongest arguments they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  On this basis, Plaintiff's submissions reveal three broad areas in which Defendants allegedly committed FDCPA violations.  The violations within each of these areas run the gamut of possible FDCPA violations, touching upon §§ 1692d (harassment or abuse), 1692e (false or misleading representations), 1692f (unfair practices), 1692g (validation of debts), and 1692i (legal actions by debt collectors). Upon review of the parties' submissions, Defendants' Motion for Summary Judgment will be granted as to those of Plaintiffs' claims arising from the validation notice, and denied as to those claims arising out of Defendants' successive filings and service of process.

### i.    State court collection actions

Plaintiff claims that Defendants violated the FDCPA by bringing four separate collection actions in both the Buffalo City Court and the Supreme Court, Erie County. Defendants argue that they are entitled to summary judgment because they were legally entitled to bring each of the four collection actions.  Defendants argue that each was dismissed without prejudice and that the jurisdictional defects which resulted in those dismissals were due to unintentional, bona fide, errors.

"Among the abusive practices that Congress intended the FDCPA to address was

the problem of forum abuse, an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear, hence permitting the debt collector to obtain a default judgment." Hess v. Cohen & Slamowitz LLP, 637 F.3d 117, 120 (2d Cir. 2011) (quoting S. Rep. No. 95-382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699) (internal quotation marks omitted). 15 U.S.C. § 1692i(a) states that "[a]ny debt collector who brings any legal action on a debt against any consumer shall– . . . bring such action only in the judicial district or similar legal entity– . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a).  Where a debt collector brings an action in a state court system, the judicial district's contours are determined by reference to the judicial system of the state in which the debt collection action is brought.  Hess, 637 F.3d at 121.  Because both the first and third collection actions run afoul of § 1692i's venue requirement, Defendants' motion will be denied as to these claims.

Defendants twice brought suit in the Buffalo City Court, first on May 26, 2005, and then again on May 24, 2007.  Each time, the complaint was dismissed without prejudice. The first collection action was expressly dismissed for lack of jurisdiction because Curto did not live in the City of Buffalo or a town contiguous to it, as required by U.C.C.A. 213(a). (Fish Aff., Ex. 2.) The third collection action was similarly dismissed when Pressler learned that Curto still did not reside within the City Court's jurisdiction.  (Defs.' Statement ¶ 6.)

Proper venue under the FDCPA in New York city courts is determined by reference to U.C.C.A. 213.  Hess, 637 F.3 at 123-24.  Although Defendants argue that they were entitled, pursuant to U.C.C.A. § 213(d) to re-file their actions in an appropriate court, "[i]t is irrelevant to the FDCPA whether state law sets forth a procedure for refiling actions that

are dismissed based on defective venue; indeed, we would expect that such dismissals would in the ordinary course be without prejudice, as venue relates to the convenience of the parties rather than the validity of the claim." Hess, 637 F.3d at 124. The very possibility of refiling actually contributes to the threat of "forum abuse," because "it is not without cost for a consumer to obtain dismissal of a debt collection suit on the basis that it was brought in the incorrect court." Id. Like the defendant in Hess, Defendants here chose to bring suit in city court, as opposed to a court of wider jurisdiction. See id. at 124-25. Having made this choice, Defendants are responsible for the consequences of compelling Plaintiff to defend herself in a court without jurisdiction.

Defendants also argue, however, that any improper filings were the result of unintentional error. Hess took no position on whether, in that case, the debt collector's "failure to identify the proper forum may have been an isolated and innocent error resulting from a lack of familiarity with local practice." Id. at 125. "A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). "When attempting to show that he is entitled to the bona fide error defense, a debt collector 'need not demonstrate that its procedures for avoiding [FDCPA] violations are 'fool proof,' but rather, must only show that its procedures constitute a 'reasonable precaution.'" Dimovski v. Tolisano & Danforth, L.L.C., No. 3:10-CV-205 (JCH), 2011 WL 1638051, at *4 (D. Conn. Apr. 29, 2011) (quoting Katz v. Asset Acceptance, LLC, No. CV-05-2783 (DGT), 2006 WL 3483921, at *2 (E.D.N.Y. Nov. 29, 2006)).

Among the factors pertinent to determining whether a debt collector's actions were

reasonable is whether a collector has made such an error before.  Id. at *5.  Here, the record is silent as to whether Defendants have previously committed similar mistakes. Where the record is silent, "a jury is entitled to decide whether reasonable procedures existed" to prevent erroneous filings.  Id. (quoting McDaniel v. South & Assoc., P.C., 325 F. Supp. 2d 1210, 1219 (D. Kan. 2004)).  Although Defendants have explained some of their procedures, including acting on the basis of Curto's last known mailing address, obtaining a Postmaster subpoena, and referring to online databases, drawing all reasonable inferences in favor of Plaintiff, the court finds that Defendants are not entitled to summary judgment.  The first collection action was dismissed for lack of jurisdiction after the court took judicial notice of a public mapping service that showed Plaintiff's address to be within the borders of Orchard Park.  The third collection action was similarly dismissed after *Plaintiff* informed Pressler that the first collection action had been dismissed for lack of jurisdiction, a fact of which Pressler was previously unaware.  (Williamson Aff., ¶ 10.) That a mistake was made not once, but twice and that these mistakes could have been cured by Defendants reference to a public mapping service or by keeping track of where venue had already been found improper, creates a sufficient dispute regarding whether Defendants' procedures exercised "reasonable precaution."  Archaempongtieku v. Allied Interstate Inc., No. 04-CV-8397, 2005 WL 2036153, at *6 (S.D.N.Y. Aug. 24, 2005).

Defendants' reliance on Katz is unavailing.  In Katz a clerical error resulted in the entry of an incorrect venue code on a client's file.  2006 WL 3483921, at *2.  That court accepted defendant's bona fide error defense, observing that "it is hard to imagine what interest of defendants would be served by filing the underlying suit in New York rather than Kings County" where the two are approximately 2.6 miles apart.  But the defendant in Katz erroneously filed suit against that plaintiff once, whereas Defendants here subjected

9

Plaintiff to four separate complaints.  See id. at *3 (noting the absence of additional occurrences).  Defendant in Katz also submitting affidavits of those involved testifying to the mistake, and provided the court with "detailed evidence of firm policies and procedures that it has in place to avoid having collection suits filed in venues other than the venue where the debtor resides."  2006 WL 3483921, at *3.  Defendants here have neglected to do so.

Consequently, Defendants' Motion for Summary Judgment as to those claims based on the first and third collection actions will be denied.  Even if Defendants' actions had been filed in a proper venue, the fact that Defendants caused four separate lawsuits to be filed against Curto, for collection of the same debt, may constitute a separate FDCPA violation.  (See Supp. Am Comp ¶ 32.)

Courts have considered the issue of successive lawsuits in the context of garnishment proceedings.  See generally Lange v. CIR Law Offices, No. 09cv1485, 2010 WL 2524089, at *3-4 (S.D. Cal. June 22, 2010) (discussing cases).  Those cases held that a debt collector who knowingly garnishes exempted funds, like social security payments, violates § 1692f.  See Hogue v. Palisades Collection, LLC, 494 F. Supp. 2d 1043 (S.D. Iowa 2007); Wilson v. Bus. & Prof'l Credit Mgmt. of Kearney, Inc., No. CV85-L-709, 1986 U.S.C. Dist. LEXIS 31002 (D. Neb. Aug. 26, 1986).

Plaintiff alleges that Defendants continued to bring legal actions even after their claims had been dismissed on the merits.  Bringing suit where a prior collection action has been dismissed with prejudice could constitute violations under § 1692d (harassment or abuse) or § 1692f (unfair practices).  See Parkins v. Arrow Fin. Servs., LLS, No. 07 C 410, 2008 WL 94798 (N.D. Il.. Jan. 8, 2008) ("[T]hreatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the

10

statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate.") While a consumer would legally prevail on each successive claim on the basis of res judicata, these proceedings would nevertheless serve to harass him and compel him to expend resources defending himself in court.  Hess, 637 F.3d at 124.  Accordingly, this Court must consider whether any of Defendants' collection actions were dismissed on the merits such that successive filings would constitute abuse, harassment, or an unfair practice.  See Havens-Tobias v. Eagle, 127 F. Supp. 2d 889, 897-98 (S.D. Ohio 2001) (merely bringing collection action on disputed suit not deceptive, unconscionable, or unfair); Parkins, 2008 WL 94798 (denying summary judgment where a debt collector filed state court complaint to recover time-barred debt).

The first collection action was dismissed on May 26, 2005 by the court "for lack of personal jurisdiction," and thus did not pose a legal bar to Defendants refiling suit.  (See Fish Aff., Ex. 2.)  The second collection action was also dismissed on jurisdictional grounds.  (Palisades Reply, Ex. 1.)  The third collection action was dismissed without prejudice after Defendants failed to appear.  (Williamson Aff., Ex. 4.) The fourth collection action was dismissed, though the court did not specify whether dismissal was on the merits or without prejudice.  (Id. at Ex. 6.)  Because it does not appear that Defendants have filed any further collection actions in state court, this Court need not address whether that judgment was on the merits or without prejudice.  Consequently, none of Defendants suits violate the FDCPA for being clearly frivolous or otherwise not permitted by law.

Even so, Defendants' successive filings may be in violation of § 1692d, if their natural consequence is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.  See 15 U.S.C. § 1692d.  As already discussed, although the initiation of a collection action in court can constitute a violation of the FDCPA, see Parkins,

2008 WL 94798, the mere "filing of a complaint in an appropriate venue is not the kind of conduct covered by § 1692d as a matter of law." Kelly v. Great Seneca Fin. Corp., 443 F. Supp. 2d 954, 960 (S.D. Ohio 2005) (noting that natural consequence of filing lawsuit is to seek judicial resolution, not harass, oppress, or abuse the defendant). Nevertheless, in the present case Defendants did not file a single lawsuit, they filed four. See Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330, (6th Cir. 2006) (finding oppressive or abusive acts outlined in § 1692 "not comparable to the *single* filing of a debt-collection lawsuit" (emphasis added)). As already discussed, the first and third collection actions were both dismissed because Defendants failed to correctly ascertain Curto's residence. The second and fourth collection actions were dismissed because of Defendants' omissions. Judge Fahey adjudicating Defendants' second collection action remarked that "[t]here's no Affidavits of Service here properly showing you're saying you have jurisdiction . . . . [a]nd the papers submitted from that law firm . . . are put together the way the exhibits aren't marked [sic], they don't have the right summons and complaint . . . . [i]t's insufficient so it's dismissed." (Palisades Reply, Ex. 1.) Similarly, Judge Whalen, in his Decision and Order dismissing Defendants' complaint noted that Defendants "had not submitted any papers in opposition to the motion prior to oral argument . . . . [d]uring oral argument, the court asked [Palisade's] counsel if he wished to submit anything on papers in opposition to the motion and plaintiff's counsel indicated he did not." (Williamson Aff., Ex. 6.)

A trier of fact may conclude that Defendants behavior in each instance was the result of a unintentional mistake. See 15 U.S.C. § 1692k(c). Nevertheless, on a motion for summary judgment this Court must draw all reasonable inferences in favor of the non-moving party. Addickes, 398 U.S. at 158-59. Having done so, this Court is unprepared to say that bringing one lawsuit after another, and failing to fully prosecute any of them,

12

cannot rise to the level of abusive or oppressive behavior in violation of § 1692d.  C.f. Eichman v. Mann Bracken, LLC, 689 F. Supp. 2d 1094, 1100-01 (W.D. Wis. 2010) (holding that mere filing of counterclaim insufficient to violate FDCPA, unless counterclaims are frivolous, based on blatant lies, or misrepresent key facts); Havens-Tobias, 127 F. Supp. 2d at 897-98 (no violation where collection action not deceptive, unconscionable, or unfair). Defendants errors and omissions, intentional or not, have compelled Plaintiff to defend herself in court on four separate occasions.  A jury could conclude from this that Defendants violated the FDCPA.

Defendants' Motion for Summary Judgment as to those of claims arising out of Defendants' successive lawsuits will be denied.

### ii.    January letter

Plaintiff alleges numerous FDCPA violations on the basis of the January letter, including the erroneous requirement that Plaintiff notify Defendants in writing that the debt was disputed, the letter's failure to specify an amount of interest, and the letter's omission of the fact that an attorney had reviewed Curto's debt.  Defendants respond that the letter contained everything demanded under § 1692g, did not require a breakdown of principal and interest owed, and did not otherwise mislead Plaintiff.

§ 1692g requires debt collectors to send consumers a written notice "within five days after the initial communication with a consumer in connection with the collection of any debt."  15 U.S.C. § 1692g(a)(1-5).  The test for determining whether a collection letter violates § 1692g is an objective standard based on the "least sophisticated consumer." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (quoting Clomon, 988 F.2d at 1319).

The language of the disputed letter reads as follows:

> This communication is from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

At the outset, this Court notes that the language in this letter closely tracks that of a letter approved of by the Second Circuit in Jacobson.  Id. at 88.  The court in that case determined that such language, standing alone, satisfies the obligations imposed under § 1692g(a).  Id. at 90.  In Jacobson, the problem arose because of the inclusion of additional language, absent here.  Id. at 93 (noting that letter explicitly required receipt of dispute notice in debt collector's office within 30 days to avoid further action); see also Vega v. Credit Bureau Enters., No. CIVA02CV1550DGT KAM, 2005 WL 711657, at *9-10 (E.D.N.Y. Mar. 20, 2005) (finding sentence requiring debt disputes to be made in writing overshadowed statutorily correct validation notice). Consequently, Plaintiff's claim that the letter included an improper writing requirement is without merit.

Plaintiff's next claim is that the letter was false or misleading for stating that "no attorney has personally reviewed the particular circumstances of your account" when, in fact, Defendant Richard A. Franklin had previously stated, in Buffalo City Court, that he had.  (Plaintiff's Memorandum of Law in Opposition [sic] to Defendants [sic] Motion to Dismiss, Docket No. 68, 5.)  The fact that Plaintiff's debt may have received meaningful review was not a detriment to Plaintiff.  It also is not a violation of the FDCPA.  Cf. Greco,

412 F.3d at 364 (2d Cir. 2005) (finding that attorneys could send debt collection letter even without being meaningfully involved, provided disclaimer was included).  Consequently, this claim is also without merit, and Defendants' Motion for Summary Judgment will be, as to it, granted.

Similarly, summary judgment is appropriate on the claim that the letter erroneously omitted the amount of interest owed, because Defendants are not seeking interest.  (Fish Aff., Ex. 1.)  Therefore the January Letter correctly stated "the amount of the debt."  15 U.S.C. 1692g(a)(1); see also Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010) (notice not deceptive where dollar amount labeled as interest on principal actually comprised of finance charges and post-assignment interest).  Only were Defendants to now seek interest on the debt, would the letter have been misleading.  See Dragon v. I.C. Sys., Inc., 483 F. Supp. 2d 198, 203 (D. Conn. 2007) (finding collection notice that did not specify date on which balance was due in full and which was subject to adjustment on periodic basis).[4]

After considering Plaintiff's various allegations, Defendants' are entitled to summary judgment as to those claims arising from the January Letter.[5]

---

[4]Curto also alleges that the validation notice failed to state that the debt was disputed, when in fact it had been disputed throughout the various collection actions.  Courts have interpreted § 1692e(8) to require debt collectors with knowledge of a disputed debt to disclose that fact in responding to a consumer's credit history.  Kinel v. Sherman Acquisition II LP, No. 05 Civ. 3456(RCC)(THK), 2006 WL 5157678, at *16 (S.D.N.Y. Feb. 28, 2006).  However, a debt collector does not commit a violation where the debt's disputed status is not disclosed to a third party.  See id. at *17.  Here, Plaintiff only alleged that the notice to him inaccurately described the status of the debt, and not that Defendants disclosed the information to other parties.

[5]Plaintiff also appears to argue that Defendants' violated the FDCPA by failing to include a toll free number at which Plaintiff could reach Defendants.  (Am. Comp. ¶ 23.)  This Court has not found any such requirement, and therefore Defendants' Motion for Summary Judgment will be granted as to that claim as well.  15 U.S.C. § 1692g; see also cf. Greisz v. Household Bank (Illinois), 8 F. Supp. 2d 1031, 1038 (N.D. Ill. 1998) (not finding any requirement for telephone number under Truth-in-Lending Act).

### iii.     Summons and Complaint

Plaintiff's final claim is that Defendants violated the FDCPA by serving on her a summons and complaint, placed in her mailbox, but not inside an envelope.  (Am. Comp. ¶ 36.)  Defendants do not respond directly to this point.

Merely failing to serve process in a debt collection action does not establish a violation of the FDCPA.  Dillon v. Riffel-Kuhlmann, 574 F. Supp. 2d 1221, 1223 (D. Kan. 2008).  However, an FDCPA violation does occur where information regarding a creditor or debt is disclosed to third parties, such as through an envelope window.  In re Hodges, 342 B.R. 616, 625 (Bankr. E.D. Wash. 2006); see also FTC Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097-02 (1988) ("A debt collector may not send a written message that is easily accessible to third parties.")  Furthermore, a debt collector violates § 1692g(b) where it serves process on an individual within the 30-day validation period following a validation notice and provides no other accompanying communication explaining that commencement of the lawsuit has no effect on the information contained in the validation notice.  Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 136-37 (2d Cir. 2010).  This is because the summons and complaint has the effect of overshadowing the validation notice by making it "appear to the least sophisticated consumer that being taken to court trumps any other out-of-court rights she had."  Id. at 136 (quoting Ellis v. Solomon & Solomon, P.C., 599 F. Supp. 2d 298, 304 (D. Conn. 2009)).

Defendants' memorandum does not address why the filing of the fourth collection action would not overshadow the validation notice received by Curto less than 30 days earlier.  Defendants also do not address Plaintiff's contention that the summons and complaint were delivered to her curbside mailbox without envelope or other packaging.

16

(Supp. Am. Comp. ¶ 36.)  For these reasons, Defendants' Motion for Summary Judgment as to the February 20 service of process will be denied.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motions for Summary Judgment are granted as to those claims relating to the January Letter.  Defendants' motions are denied as to those claims relating to Defendants' state court collection actions and service of process.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motions for Summary Judgment (Docket Nos. 63, 64) are GRANTED in part and DENIED in part.

SO ORDERED.


Dated:   October 23, 2011
           Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court